**UNITED STATES of America,**
**Appellee,**

v.

**Robert TUCKER, Appellant.**

**No. 73–1424.**

United States Court of Appeals,
Eighth Circuit.

Oct. 11, 1973.

Robert M. Evans, St. Louis, Mo., for appellant.

No brief was filed by appellee's counsel.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The appellant, Robert Tucker, was convicted of a violation of 18 U.S.C. § 2314, in causing to be transported in interstate commerce two forged money orders. He objects on appeal to the following instruction given below:

"Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen."

The appellant argues that this instruction places an unconstitutional burden on the defendant to introduce evidence in his behalf and to testify in violation of his Fifth Amendment right against self-incrimination. He also argues that the instruction contradicts two other instructions which informed the jury that no inference of guilt may be drawn from the defendant's failure to testify, and that the law never imposes on the defendant the burden of testifying in his behalf or calling any witnesses.

In light of the Supreme Court's decision in Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), decided June 18, 1973, directly rejecting these contentions, we find the appellant's appeal to be without merit.

Judgment affirmed.