**UNITED STATES of America,
Appellee,**

v.

**Ronald Udale WEST, Appellant.**

**UNITED STATES of America,
Appellee,**

v.

**James Vernoise ANDERSON,
Appellant.**

**Nos. 74–1939, 74–1960.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1975.

Decided June 4, 1975.

David Robards, Asst. Fed. Public Defender, Kansas City, Mo., for appellants.

J. Whitfield, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY and HENLEY, Circuit Judges, and REGAN,* District Judge.

LAY, Circuit Judge.

The defendants Ronald Udale West and James Vernoise Anderson were convicted of bank robbery in violation of 18

---

* The Honorable John K. Regan, United States District Judge, Eastern District of Missouri, sitting by designation.

U.S.C.A. § 2113(a) and (d) in the United States District Court for the Western District of Missouri, the Honorable Elmo B. Hunter presiding. The charges arose from the robbery of the Merchant's Produce Bank of Kansas City, Missouri, on the morning of May 31, 1974. On that day three black males wearing wigs and women's clothing held up the bank. The automobile in which the robbers escaped was followed to an apartment complex called Guinotte Manor at 336 Tracy Street in Kansas City. Police officers in pursuit saw one of the men enter the building and thereafter the officers recovered all of the money, totaling $22,-938, and certain weapons from an apartment within. The defendants were arrested a short distance from the building within 10 or 15 minutes after the robbery. They were identified in a lineup by eyewitnesses to the robbery.

On appeal the defendants assert that the district court erred in failing (a) to grant a severance, (b) to suppress the in-court identification evidence, (c) to find that the defendant West was arrested illegally, and (d) to suppress evidence concerning the defendant Anderson's shoes and hair samples. Upon review of the record and briefs we find no prejudicial error and affirm the judgments of conviction.

## Severance

 The defendant Anderson complains that the district court erred in denying his pretrial motion for a separate trial. The motion was not renewed in the course of the trial, either at the close of the government's case or at the close of all of the evidence, and the defendant's failure to renew the motion ordinarily constitutes a waiver of the claim that he was entitled to a severance. United States v. Porter, 441 F.2d 1204 (8th Cir. 1971). In any event, the question of whether or not Anderson should have been granted a separate trial was one that addressed itself to the discretion of the district court, and we do not find any abuse of discretion in the denial of Anderson's motion. See United States v. Scott, 511 F.2d 15 (8th

Cir. 1975); United States v. Guy, 456 F.2d 1157 (8th Cir. 1972).

## Identification

 The in-court identification was not challenged at trial. The lineup, which counsel challenges as suggestive, was thoroughly investigated by the trial court and found proper. Judge Hunter reasoned:

The lineup in this case was clearly not unduly suggestive so as to violate the defendants' rights to due process. The witnesses were not advised in any manner which individual or individuals in the lineup were actually suspected by the police, nor was any suggestion made to them which could be viewed as a suggestion as to which of the individuals, if any, at the lineup should be identified. In this case, the lineup and the events occurring prior thereto, were not conducted in a manner so unduly prejudicial so as to fatally "taint" a late in-court identification of the defendants West, Anderson, and Strong. Notably, all three of the witnesses made their identification of the defendants prior to the defendants and other participants wearing wigs and sunglasses in the lineup. Defendants were displayed along with three other men of the same race and approximately same age. The slight variations in the weight and height of the members of the lineup was not so great as to be impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. And, it is clear that the manner of dress did not aid the witnesses in their identification of the defendants as the bank robbers. Although three of the lineup participants had a slight moustache as compared to the three defendants who were relatively clean-shaven, there is no indication from the record that this fact aided the witnesses in their individual identification of the defendants, or that this variance was impermissibly suggestive to cause the lineup in question to be constitutionally defective in composition. Testimony at the hear-

ing revealed that some of the descriptions given to police at the bank indicated that the robbers had "stubble" on their face. And, the identifying witnesses in question testified that their identification at the lineup was based upon their memory of the facial features of the defendants. These identifications were made within a few hours of the robbery. All three of the witnesses in question clearly had the opportunity to observe and scrutinize the persons whom they identified as the defendants and to view their facial features from a position of close proximity. Therefore, in light of all the circumstances, the Court finds that the lineup was not conducted in violation of the due process clause of the fifth and fourteenth amendments.

Judge Hunter related in a footnote:

> It is worthy to note that Mr. Brown and Mrs. Bucensky identified only one of the six lineup participants. Thus, each of these witnesses picked one man out of the three relatively clean-shaven men. Mrs. Khan identified two of the six participants, and therefore she excluded one of the relatively clean-shaven men.

The court further found that:

> In addition to the reasons stated hereinabove, the Court finds that government has established by clear and convincing evidence that in-court identifications of the defendants by the witnesses, Mr. Brown, Mrs. Bucensky, and Mrs. Khan were not based upon the lineup identifications, but instead were based solely on the events which occurred during the robbery of Merchants Produce Bank on May 31, 1974. The in-court identification thus having an independent basis other than the line-up should not be suppressed. (Citations omitted.)

We find nothing in the record to indicate that the trial court's analysis is clearly erroneous.

### The Arrest

Defendant West concedes that, at the time of his arrest, the officer knew West was wanted under a fugitive warrant. There can be little doubt as to the validity of his arrest under these circumstances.

### The Search

Hairs were found in one of the wigs recovered by the officers. These were then compared with hairs obtained under a search warrant from the head of the defendant Anderson. The sufficiency of this search warrant is attacked. We find the affidavit for the search warrant amply sets forth sufficient probable cause for the seizure of hair samples of defendant Anderson. *See* United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

Although the trial court sustained Anderson's motion to suppress the shoes taken from him following his arrest, the arresting officer was permitted to testify as to his recollection of the appearance of Anderson and the clothing worn by him. There is no rule which bars any witness from testifying as to what he has seen in the public view. *See* Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

Judgments affirmed.