**UNITED STATES of America,
Appellee,**

v.

**Maynard John VERDOORN et
al., Appellants.**

**Nos. 75–1644, 75–1659 and 75–1665.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1975.

Decided Jan. 13, 1976.

Donald W. Sylvester, Sioux City, Iowa, for Maynard John and David Verdoorn.

P. D. Furlong, Sioux City, Iowa, for Van Maanen.

Gary E. Wenell, U. S. Asst. Atty., Sioux City, Iowa, for appellee.

Before GIBSON, Chief Judge, and STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

These appeals are taken from jury convictions of three appellants who were charged in Count I with conspiracy (18 U.S.C. § 371) and in Count II with possession (18 U.S.C. § 659) arising out of the theft and possession of an interstate shipment of beef. In addition, the two Verdoorn appellants were charged in Count III with transporting a stolen semi-trailer in interstate commerce (18 U.S.C. § 2314) and in Count IV with receiving and concealing beef knowingly stolen while moving in interstate commerce (18 U.S.C. § 2315).[1] The district court [2] imposed concurrent sentences under Title 18, U.S.C. § 4208(a)(2), as follows: Albert Leon Van Maanen, three years; Maynard John Verdoorn, five

---

1. A fourth defendant, Eugene Heck, was convicted on Count V, charging possession of stolen beef from the same shipment, but did not appeal. Co-conspirator LeRoy Miller pled guilty to a possession count the first day of the trial and testified in behalf of the prosecution.

2. The Honorable Edward J. McManus, Chief Judge, Northern District of Iowa, presiding.

years; and David Verdoorn, four years. The appeals raise numerous pretrial and trial errors which will be considered seriatim. We affirm the convictions.

In summary, the evidence favorable to the government discloses that appellants David Verdoorn and Maynard John Verdoorn (referred to in the record as John or Maynard) and co-conspirator LeRoy Miller on January 19, 1975, went to a truck terminal in the Council Bluffs, Iowa, area and stole a semi-trailer load of 232 beef quarters originating in Grand Island, Nebraska, and to be delivered to Buffalo, New York. They transported the stolen tractor and trailer loaded with beef to the Sioux City, Iowa, area. Thereafter, a portion of the stolen beef was delivered to co-defendant Eugene Heck, who owned and operated a retail meat store; a portion was stored on a farm owned by appellant Van Maanen; and the remaining part of the load was transferred onto another trailer and stored at a truck stop parking lot in North Sioux City, South Dakota. On January 28, 1975, all three appellants and co-conspirator LeRoy Miller loaded a portion of the meat from a storm cellar on appellant Van Maanen's farm onto a truck for the purpose of transporting it to a prospective buyer. After leaving the farm with the meat, appellant Maynard Verdoorn was arrested, and about the same time appellant Van Maanen and co-conspirator Miller were also arrested. Appellant David Verdoorn was arrested a couple of days later.

Appellant Van Maanen in his testimony denied any knowledge concerning the theft of the meat or the storage of the stolen meat on his farm. Appellant David Verdoorn denied any knowledge or participation in the theft or possession of the meat in question. Appellant Maynard Verdoorn did not testify. Both Verdoorns called witnesses for the purpose of establishing alibi defenses with respect to various events described by government witnesses. In this appeal only appellant Van Maanen attacks the sufficiency of the evidence to support his conviction.

■ Van Maanen's contention that the court erred in not sustaining his motion for judgment of acquittal because there was insufficient evidence to support his conviction on either the conspiracy or possession count merits little discussion. We, of course, in reviewing the record, must view the evidence in the light most favorable to the jury's verdict and accept as established all reasonable inferences therefrom which support the verdict. *United States v. Baumgarten*, 517 F.2d 1020, 1026–27 (8th Cir. 1975).

The government's evidence, direct and circumstantial, as to the existence of the conspiracy in this case was strong. "Moreover, once the government has established the existence of a conspiracy, even slight evidence connecting a particular defendant to the conspiracy may be substantial and therefore sufficient proof of the defendant's involvement in the scheme." *United States v. Overshon*, 494 F.2d 894, 896 (8th Cir. 1974). Here the testimony of co-conspirator LeRoy Miller alone was sufficient to establish appellant Van Maanen's participation in both the conspiracy and the substantive charge of knowingly having in his possession on his farm the meat which he knew had been stolen. Miller's credibility was for the jury. In addition, his testimony was corroborated by other evidence in the case.

Van Maanen urges that the trial court erred in denying his motion for severance and separate trial made prior to trial. The motion to sever, in substance, claimed that two of the defendants had prior convictions for similar offenses and this would deprive him of a fair and impartial trial; that evidence might be introduced which was inadmissible as to him; and that there was a misjoinder of defendants and offenses in the indictment.

■ The misjoinder allegation is devoid of merit. The indictment charged and the record discloses that all of the defendants had "participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses" which constituted

"parts of a common scheme or plan" in conformity with Fed.R.Crim.P. 8(a) and (b). *Scruggs v. United States*, 450 F.2d 359, 363 (8th Cir. 1971).

■ Appellant Van Maanen did not renew his pretrial motion for a separate trial either at the close of the government's case or at the close of all the evidence. Such failure ordinarily constitutes a waiver of the severance claim. *United States v. West*, 517 F.2d 483, 484 (8th Cir. 1975); *United States v. Porter*, 441 F.2d 1204, 1212 (8th Cir. 1971). In any event, we are satisfied that the trial court did not abuse its discretion in denying the motion for a separate trial. *United States v. Scott*, 511 F.2d 15 (8th Cir. 1975). In the absence of a showing of real prejudice to an individual defendant, persons charged in a conspiracy shall be tried together. *United States v. Hutchinson*, 488 F.2d 484, 492 (8th Cir. 1973). Here there was no such showing of prejudice.

■ Appellant Van Maanen claims the court erred in denying his motion to suppress the evidence obtained from the storm cellar for the reason that his spouse, who gave the consent for the search, was not advised of her constitutional rights nor permitted to talk to her attorney prior to the search. The record fails to support this claim.

Special Agent Oxler testified that during the early morning hours of January 29, 1975, he conversed with Mrs. Van Maanen at the Van Maanen farm and that he informed her of her constitutional rights that "she had a right to refuse at any time, to prevent us from going on her property." She refused to sign a form with respect thereto without consulting her attorney but said "she would have no objection whatsoever to us looking at the outbuildings located on their farm." In fact, Mrs. Van Maanen herself testified, "I said, 'Feel free to search the house, the out of doors, whatever pleases. I have nothing to hide.'" She admitted furnishing the agent with a flashlight because the batteries in his flashlight were out, and she also turned the outside lights on. She recalled that

"he [the agent] said the main thing they were interested in was the cave and I told him to go ahead and look." Her authority to consent to the search is not contested. *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). The trial court properly denied the motion to suppress.

■ All of the appellants urge that the trial court erred in denying their motion for mistrial based on alleged inconsistent statements made by Special Agent O'Kuniewicz. Appellants' complaint is that at trial the special agent identified David Verdoorn as being in the area of the Van Maanen farm, whereas in the preliminary hearing he testified he could not identify any individual in "that area" that night. The government argues that the testimony was not actually inconsistent because the "area" involved was not defined. The matter does not merit further discussion. Assuming there was some inconsistency in the testimony, this is a matter for the jury to weigh in crediting the testimony of the witness. The motion for mistrial is devoid of merit.

■ Appellants David Verdoorn and Maynard Verdoorn assert trial court error in giving Instruction 15A with respect to the inference which may be drawn from possession of property recently stolen. The instruction follows the suggested instruction set out in I *E. Devitt & C. Blackmar, Federal Jury Practice and Instructions* § 13.11 (2d ed. 1970, Supp.1974). The instruction cautions that "recently" is a relative term; the longer the period of time since the theft, the more doubtful becomes the inference. It reminds the jury that, in the exercise of constitutional rights, the accused need not take the stand and testify. There may be opportunities to explain possession by showing other facts and circumstances, independent of the testimony of the defendant. It cautions, "You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence."

The instruction is similar to that approved by the Supreme Court in *Barnes v. United States,* 412 U.S. 837, 840 n. 3, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *United States v. Neville,* 516 F.2d 1302 (8th Cir. 1975); *United States v. Garofalo,* 496 F.2d 510 (8th Cir. 1974); *United States v. Tucker,* 486 F.2d 1040 (8th Cir. 1973). We are satisfied the proper instruction was given in this case.

■ Appellants David Verdoorn and Maynard Verdoorn claim the trial court erred in refusing to admit evidence with respect to plea bargaining by representatives of the government with each of the defendants. It should first be noted that this contention is not made with respect to co-conspirator Miller. The trial court properly permitted counsel to thoroughly cross-examine Miller with respect to his guilty plea and his expectations as to leniency in view of his plea and testimony in behalf of the government. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *United States v. Gerard,* 491 F.2d 1300 (9th Cir. 1974). Appellants contend they should have been permitted to show that all defendants were offered possible reduced counts and/or lighter sentences in exchange for their testimony. Appellants theorize that this evidence would challenge the credibility of the government's entire case, i. e., disclose the lengths to which the government went in attempting to obtain vital testimony to prosecute its case, and thus this evidence should have been admitted. We disagree.

Plea bargaining is sanctioned by recent amendments to the Federal Rules of Criminal Procedure. *See* Fed.R. Crim.P. 11(e) (effective December 1, 1975). Further, Fed.R.Crim.P. 11(e)(6) (effective August 1, 1975) provides for the general inadmissibility of offers to plea and related statements in connection therewith. Under the rationale of Fed.R.Evid. 408, which relates to the general inadmissibility of compromises and offers to compromise, government proposals concerning pleas should be excludable.

Plea bargaining has been recognized as an essential component of the administration of justice. "Properly administered, it is to be encouraged." *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If such a policy is to be fostered, it is essential that plea negotiations remain confidential to the parties if they are unsuccessful. Meaningful dialogue between the parties would, as a practical matter, be impossible if either party had to assume the risk that plea offers would be admissible in evidence.

■ Finally, appellant Maynard Verdoorn, who exercised his right not to testify, contends that Instruction 15A, with reference to the inference which may be drawn from possession of property recently stolen, did not properly apprise the jury of his presumption of innocence and his right not to testify or present evidence and consequently shifted the burden of proof from the government to appellant. We have already discussed the propriety of this instruction. The jury was fully informed that defendant need not testify or produce any evidence. In another instruction (Instruction 4) the court gave the standard instruction on the presumption of innocence accorded a defendant and the burden resting on the government to establish guilt beyond a reasonable doubt. No further instructions were requested by appellant. Appellant's contention is without merit.

We are satisfied that each of the defendants received a fair trial, no error of law appears, and the verdicts of guilt are amply supported by the evidence.

Affirmed.