UNITED STATES of America, Appellee,

v.

Charles H. PORTER, Appellant.

No. 78–1323.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 23, 1978.

Decided Aug. 25, 1978.

---

Michael O. Johanns, Lincoln, Neb., filed brief for appellant.

Edward G. Warin, U. S. Atty., and Richard J. Nolan, Asst. U. S. Atty., Lincoln, Neb., filed brief for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Charles H. Porter was convicted of obstruction of correspondence in violation of 18 U.S.C. § 1702.[1] He was sentenced to imprisonment for one year. On appeal, Porter argues that there was insufficient evidence to support the jury's verdict, that the trial court erred in giving certain jury instructions and that the trial court should have granted him probation. We affirm.

■ Viewing the evidence in the light most favorable to the jury verdict, *United States v. Wofford,* 562 F.2d 582, 585 n. 1 (8th Cir. 1977), we find sufficient evidence to sustain the conviction. On September 2, 1977, Postal Inspectors Robert Dixon and Gary Austin set up surveillance at the residence of Gerry L. Burns, 2910 "Q" Street, Lincoln, Nebraska, pursuant to a complaint that she had not received her usual monthly welfare check in the mail during June. Dixon was seated in a car across from the Burns' residence. Austin was located inside of the house behind the front door. They observed a mail carrier make his delivery at the Burns' residence. The delivery included a letter containing a welfare check.

After the mail carrier left, they watched Porter step onto the front porch where the mailbox for 2910 "Q" Street was located. Porter reached into the mailbox and removed the three letters that had just been delivered. He inspected the letters, retained the one containing the welfare check and replaced the remaining two in the mailbox. Porter then turned and walked down the porch steps. When he reached the bottom of the steps, Austin opened the front door and yelled, "Halt, police." Porter started to run toward the alley in back of the Burns' residence. He dropped the letter alongside the house as he ran. Austin pursued him for several blocks before finally apprehending him.

Porter contends that there was no evidence of intent to obstruct correspondence because the government did not show that Porter intended to cash the check and retain the proceeds. It was unnecessary for the government to make such a showing. Porter violated the statute if he intended to prevent delivery of the letter to Burns by retaining possession of it.[2] *See United States v. Ashford,* 530 F.2d 792, 797 (8th Cir. 1976). There is more than sufficient evidence to show such intent.

We find no error in the jury instructions.

■ In its instructions, the trial court listed four elements to the offense: (1) that

---

1. 18 U.S.C. § 1702 provides:

   Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

2. Although Porter was a casual acquaintance of Burns, Burns testified that she had not authorized Porter to pick up her mail.

Porter took the letter; (2) that at the time he took the letter, it had not yet been delivered to the person to whom it was addressed; (3) that the letter was taken from an authorized mail depository; and (4) that the taking was with a design to obstruct correspondence. The trial court stated in its "intent" instruction that to constitute the offense, there must be a concurrence of all of these four elements. After noting that the first three elements constitute the act prohibited by the statute and that the fourth element comprises the required intent, the court explained the meaning of the fourth element. It concluded by saying,

It is for you [the jury] to determine from all of the facts and circumstances in evidence whether or not the defendant committed the acts complained of and whether at such time he had the criminal intent required. If you have any reasonable doubt *with respect to either,* you must find the defendant not guilty. [Emphasis added.]

Porter contends that this instruction led the jury to believe that the government did not have the burden of proving the existence of each of the first three essential elements beyond a reasonable doubt. We find little merit to this argument.

Immediately after it listed the four elements of the offense, the trial court carefully instructed the jury that the government had to establish each of these elements beyond a reasonable doubt before Porter could be convicted. This admonition was repeated several times in the instructions. Thus, when considered as a whole, *see United States v. Alston,* 179 U.S.App. D.C. 129, 133, 551 F.2d 315, 319 n. 16 (1976), the instructions fully informed the jury of the government's burden of proof.

■ We likewise find no error in the trial court's instruction that the jury could infer the intent to obstruct correspondence from Porter's possession of a letter which had been recently mailed to, but not received by, the addressee or the addressee's agent. Porter argues that this instruction shifted some of the burden of proof to him.

This Court has previously considered and rejected this argument. *United States v. Verdoorn,* 528 F.2d 103, 107 (8th Cir. 1976). We have carefully examined the instruction and are satisfied that it was proper. *See United States v. Johnson,* 563 F.2d 936, 940–942 (8th Cir. 1977), *cert. denied,* 434 U.S. 1021, 98 S.Ct. 746, 54 L.Ed.2d 768 (1978); *United States v. Verdoorn, supra* at 106–107.

■ The trial court did not err in failing to grant Porter probation. The one-year sentence was well within the terms of the statute. *United States v. Gotches,* 547 F.2d 80, 82 (8th Cir. 1977). There is no indication that the sentence was imposed on a mechanical basis without consideration of the circumstances surrounding the offense. *Woosley v. United States,* 478 F.2d 139 (8th Cir. 1973).

The judgment is affirmed.