**James Vernoise ANDERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 79–1835.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1980.

Decided April 23, 1980.

James Vernoise Anderson, filed brief pro se.

Ronald S. Reed, Jr., U. S. Atty., and J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Petitioner Anderson, with two other individuals, was charged and, with one other individual, was convicted of robbing a bank by use of a deadly weapon in violation of 18 U.S.C. § 2113(a) and (d). The conviction was affirmed on direct appeal. *United States v. West*, 517 F.2d 483 (8th Cir.), *cert. denied sub nom.*, 423 U.S. 948, 96 S.Ct. 365,

46 L.Ed.2d 283 (1975).[1] Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on January 29, 1979, alleging his conviction was obtained by the use of evidence obtained pursuant to an unlawful (1) arrest, (2) search and seizure, and (3) line-up or identification procedure. The district court denied the motion. We affirm.

In his motion below, petitioner emphasized that he was detained because of the arresting officer's identification of the co-defendant West, with whom petitioner was walking at the time of the arrest, that he was held at gun point for several minutes prior to being handcuffed and taken to the police station, and therefore his arrest was illegal. Petitioner further claims that at the police station he asked to see a lawyer and "was told he would get a phone call after the police finished their investigation." After his shoes and a hair sample were taken, petitioner claims he again asked if he could call a lawyer and was told "provided he wanted to sign a confession." When petitioner refused, "Hamilton [the police detective] sign[ed] a card stating that petitioner refused his call but would stand in the line-up." Petitioner claims that two hours later while being led to the line-up he again informed Detective Hamilton he would like to have a lawyer and that he did not wish to stand in the line-up without a lawyer or without his shoes. Petitioner states the detective replied, " 'Hell no' he couldn't have a lawyer, and that if petitioner didn't go on the stage that Hamilton, Theisen, and other officers would 'stomp a mud hole in his ass and still put him out there.'" Petitioner claims only those charged with the robbery looked alike in the line-up. Petitioner concludes, "In spite of [the] Trial Court's ruling to the effect that the government was not to mention the fact that petitioner and West were arrested together 'which the Court determined to be illegal' the Government none-the-less presented the so called suppressed evidence relating to the initial arrest."

The district court[2] concluded that the claims raised in the instant action were raised and decided adverse to petitioner on direct appeal and therefore could not be relitigated in a section 2255 action, citing *Whitney v. United States*, 513 F.2d 326 (8th Cir. 1974). We agree.

This court's prior opinion, published at 517 F.2d 483, and petitioner's brief in that appeal show that in the original trial the trial court held (1) the original arrest of petitioner was illegal and thus the shoes and hair seized at the arrest were not admissible; (2) an officer's observations of the shoes, prior to the arrest, were admissible, as were hair samples taken pursuant to a valid search warrant obtained during the third day of trial; and (3) the line-up did not taint the subsequent in-court identification of petitioner.

On appeal this court held that while the trial court sustained petitioner's motion to suppress the shoes, the arresting officer was properly allowed to testify about petitioner's appearance, including his shoes, as a public view exception. *See Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Similarly this court upheld the hair sample taken from petitioner pursuant to the search warrant issued the third day of trial. *See United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Since the trial court held the original arrest of petitioner was illegal, but the hair sample and shoe testimony were admissible apart from the arrest, and this court considered and rejected attacks on the admissibility of the hair sample and shoe testimony in the direct appeal, the district court's conclusion that those issues had been fully litigated and decided was warranted.

It appears from this court's opinion and the briefs in the direct appeal that at trial and on direct appeal petitioner challenged the unduly suggestive nature of the line-up.

---

1. *United States v. Anderson* and *United States v. West* were combined for purposes of appeal.

2. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

The instant petition includes a new charge, namely that petitioner repeatedly sought but was denied assistance of counsel. Although, if true, this charge would have provided a basis for holding the line-up unconstitutional, petitioner's brief indicates that no evidence of the line-up was introduced. This court, in the direct appeal, noted that the district court found the line-up to be constitutional but, more importantly, also found the in-court identifications were based solely on events during the robbery and not on the line-up. This court concluded those findings were not clearly erroneous. Since no evidence of the challenged line-up was introduced, the conviction was based on the independent in-court identification, and this court in the direct appeal rejected the contention that the line-up tainted the in-court identification, the conviction must stand.

Affirmed.