**UNITED STATES of America,**

v.

**OREJUELA, Julio, Appellant.**

**No. 79–1535.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Dec. 16, 1980.

Decided Feb. 11, 1981.

Julio Orejuela, pro se.

Robert J. Del Tufo, U. S. Atty., Maryanne T. Desmond, Asst. U. S. Atty., Newark, N. J., for appellee; Samuel A. Alito, Jr., Asst. U. S. Atty., Newark, N. J., on brief.

Before ADAMS, VAN DUSEN and WEIS, Circuit Judges.

---

## OPINION OF THE COURT

PER CURIAM.

This appeal presents two distinct legal issues. First, is a federal district court, confronted with a convicted federal offender's 28 U.S.C. § 2255 motion, obligated to consider the merits of constitutional challenges identical to those previously presented to the sentencing court and reviewed on direct appeal? Second, does § 406 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 846, authorize a federal district court to impose a sentence, including a term of special parole, upon a defendant convicted of conspiracy to possess with intent to distribute a controlled substance?

In May, 1976, Julio Orejuela and a codefendant, Alvaro Neyra, purchased airline tickets at San Francisco International Airport for a Transworld Airlines flight to LaGuardia Airport in New York City. Neyra, using the alias "Raul Lopez," checked a suitcase which later was found to contain approximately $250,000 worth of cocaine. By mistake, the airline shipped the suitcase to Newark Airport in New Jersey rather than to the LaGuardia Airport.

When Orejuela and Neyra landed in New York, they discovered to their dismay that the suitcase was missing. Posing as "Lopez," Orejuela complained to an airline employee and filed a lost luggage claim. He declined the airline's offer to have the suitcase delivered to him.

Meanwhile, the suitcase, which bore a LaGuardia destination tag, was "spotted" by a Transworld Airlines employee in Newark who attached a rerouting tag and placed the suitcase on a conveyer belt for shipment to LaGuardia by helicopter. While in the cargo area, the rerouting tag became detached. Robert Martin, employed as a luggage handler by New York Airways at Newark International Airport, noticed the suitcase without an identification tag. Later, Martin opened the suitcase searching for an identification, but instead found four small packets wrapped in surgical tape. Martin slit open one packet and discovered white powder inside. He presented the contents to his supervisor, Albert Dorsi, who observed, smelled, and rubbed the powder between his fingers. Suspecting that the substance was a narcotic, Dorsi called the Port Authority Police Department.

Upon the arrival of the police, Dorsi turned over to them the now-closed suitcase. During an inspection of the suitcase, two officers found in its bottom two additional packets. Subsequently, when Agent Carl Russomano of the Drug Enforcement Agency arrived, all six packets were delivered to him. At the police department headquarters in the Newark Airport, Russomano proceeded to test chemically the powdery substance, and identified it as cocaine. Neither Russomano nor the police had obtained a search warrant.

The DEA agents then informed the Transworld Airlines office at LaGuardia that "Lopez" could pick up his suitcase in Newark. The next day, Orejuela and Neyra came to the Transworld Airlines counter in Newark. Orejuela presented the lost luggage claim and signed the name "Lopez" to a receipt. Neyra carried the suitcase out of the terminal. Once outside the terminal, the two men did a gleeful dance and joyously slapped each other's hands. They were immediately arrested by the DEA agents who had maintained close surveillance of the suitcase. A search of Neyra produced false identification papers in the name of "Raul Lopez" and a key to the suitcase.

Both men were indicted and subsequently convicted of possession of a controlled substance, cocaine, with intent to distribute it in violation of 21 U.S.C. § 841(a)(1), and of conspiracy to possess a controlled substance with intent to distribute it in violation of 21 U.S.C. § 846. The district court denied their motion to suppress the $250,000 worth of cocaine that was discovered inside the luggage. Judge Clarkson S. Fisher sentenced each defendant to serve two concurrent ten year terms, to be followed by two concurrent three year terms of special parole.

The defendants appealed, contending that the denial of the suppression motion was erroneous, and that the evidence produced against them was insufficient to support a conviction. This Court affirmed the district court's decision by judgment order. *United States v. Orejuela*, 565 F.2d 153 (3d Cir. 1977); the Supreme Court denied certiorari, *Orejuela v. United States*, 434 U.S. 1077 (1978).

 On July 24, 1978, Orejuela filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. As he had done on direct attack, Orejuela alleged that the evidence used to convict him had been obtained by means of an unconstitutional search and seizure, and requested an evidentiary hearing to prove his contentions. The district court denied his motion, reasoning that Orejuela was precluded from raising these arguments since they had already been litigated and decided against him at his trial and on direct appeal. The district court also denied Orejuela's motion for reconsideration. These rulings are challenged by Orejuela in the present appeal.

Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255. *See Kaufman v. United States*, 394 U.S. 217, 227 n.8, 89 S.Ct. 1068, 1074, 22 L.Ed.2d 227 (1969); *Konigsberg v. United States*, 418 F.2d 1270, 1273 (3d Cir. 1969), *cert. denied*, 398 U.S. 904, 90 S.Ct. 1693, 26 L.Ed.2d 63 (1970). *Accord, Moore v. United States*, 598 F.2d 439 (5th Cir. 1979); *United States v. Woods*, 567 F.2d 861 (8th Cir. 1978); *United States v. Natelli*, 553 F.2d 5 (2d Cir.), *cert. denied*, 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977); *Egger v. United States*, 509 F.2d 745 (9th Cir.), *cert. denied*, 423 U.S. 842, 96 S.Ct. 74, 46 L.Ed.2d 61 (1975); *Stephan v. United States*, 496 F.2d 527 (6th Cir. 1974), *cert. denied*, 423 U.S. 861, 96 S.Ct. 116, 46 L.Ed.2d 88 (1975). The reasons advanced in support of this rule are the strong policies favoring finality in litigation and the conservation of scarce judicial resources. In view of this well established line of authority, and because we find no abuse of discretion, we will affirm the district court's denial of Orejuela's § 2255 motion. Orejuela's claims had been fully explored before appropriate federal tribunals on direct attack, and it was within the sound discretion of the district court to determine whether relitigation of those claims in this case was necessary or superfluous.

 The issue of the validity of the sentence imposing a special parole term on Orejuela with respect to the conspiracy conviction was not raised by the parties on direct appeal, or addressed by the district court in the § 2255 proceeding. Similarly, the issue has not been raised on this appeal. In view of a recent Supreme Court decision directly on point, however, this Court is constrained to address the issue and to correct an erroneous determination made by Orejuela's sentencing court. As a matter of statutory construction, the imposition of a sentence that includes a special parole term with respect to a conspiracy charge under 21 U.S.C. § 846 has been held to be an illegal sentence. *BiFulco v. United States*, 447 U.S. 381, 400, 100 S.Ct. 2247, 2259, 65 L.Ed.2d 205 (1980); *United States v. Mearns*, 599 F.2d 1296, 1298 (3d Cir. 1979), *cert. denied*, 447 U.S. 934, 100 S.Ct. 3037, 65 L.Ed.2d 1129 (1980).[1] Since the term of special parole pursuant to 21 U.S.C. § 846 is improper it must be vacated.

Accordingly, the term of special parole will be vacated, and in all other respects the judgment of the district court will be affirmed.

---

1. Inasmuch as the concurrent special parole term imposed under § 841 is still valid, the practical effect for Orejuela of vacating the § 846 special parole term may be de minimis.