UNITED STATES of America, Appellee,

v.

Abdullah SHABAZZ a/k/a Daniel Clincy, Appellant.

No. 81–1112.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 12, 1981.

Decided Aug. 19, 1981.

Rehearing and Rehearing En Banc Denied Sept. 17, 1981.

Daniel M. Scott, Federal Public Defender, Minneapolis, Minn., for appellant.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Petitioner Shabazz, with two other individuals, was charged and convicted of transporting in interstate commerce a false and forged security and a counterfeiting device in violation of 18 U.S.C. §§ 2 and 2314. The conviction was affirmed on direct appeal. *United States v. Brown*, 605 F.2d 389 (8th Cir.), *cert. denied*, 444 U.S. 972, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979). Petitioner then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion. We affirm.

*ISSUES*

The issues before us on appeal are numerous: 1) Shabazz was deprived of effective assistance of counsel (this issue contained five specific allegations); 2) the district court erred in refusing to examine the minutes and transcripts of testimony before the grand jury; 3) count IV of the indictment omitted an essential element of the offense charged; 4) insufficient evidence to support a conviction on count III; 5) the trial court should have disqualified itself from consideration of the section 2255 petition; 6) *pro se* issues.

*Analysis*

I. *Effective Assistance of Counsel*

■ Petitioner first contends generally that he was denied effective assistance of counsel and then specifically argues five separate claims. The general issue and each specific claim were previously raised and decided on direct appeal. *See United States v. Brown, supra*, 605 F.2d at 397. It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255. *Anderson v. United States*, 619 F.2d 772, 773 (8th Cir. 1980). We hold that review is precluded even though the issues were raised on direct appeal in a *pro se* brief.

II. *Examination of Grand Jury Minutes and Testimony*

■ Petitioner's second contention is that the district court erred in its refusal to examine the minutes and the transcripts of testimony before the grand jury. We disagree. The release and use of grand jury material is a matter which is left to the sound discretion of the trial court and may be overturned only upon a finding of abuse of discretion. *In Re Disclosure of Testimony Before Grand Jury*, 580 F.2d 281, 287 (8th Cir. 1978). We find no abuse of discretion present in this case.

III. *Sufficiency of the Indictment*

■ Petitioner's third contention is that count IV of the indictment failed to establish an offense since the statutory words relating to intent were absent. We disagree. A challenge to the sufficiency of an indictment is not cognizable in a section 2255 action without a showing of exceptional circumstances. No such circumstances exist in the present case. Furthermore, the indictment need not precisely track the wording of the statutory offense if the charge is clear to petitioner and it enables him to prepare a defense. *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978). We hold that the indictment was sufficient and find no merit to petitioner's contention.

IV. *Sufficiency of the Evidence*

■ Petitioner's fourth contention is that there was insufficient evidence to support a conviction on count III. The sufficiency of the evidence was decided on direct appeal, *see United States v. Brown, supra*, 605 F.2d at 393, thus, review of this issue is precluded. *Anderson v. United States, supra*, 619 F.2d at 773.

V. *Disqualification of Trial Judge*

■ Petitioner's fifth contention is that the trial court should have disqualified it-

self from consideration of the section 2255 motion. The relief which petitioner requests is that this court remand this issue back to the district court for its reconsideration. The district court ruled on the disqualification issue in its order denying the section 2255 motion and held that petitioner's allegations did not require disqualification. We agree. Petitioner alleged racial prejudice and bias, but failed to state a factual basis for these allegations. We hold that these conclusory allegations are insufficient to warrant further consideration.

## VI. Pro Se Issues

Petitioner Shabazz also filed a *pro se* brief, in addition to the brief filed by his counsel, which raised two issues: 1) insufficient evidence to support his conviction; 2) ineffective assistance of counsel. Both of these contentions were decided on direct appeal in *United States v. Brown, supra,* 605 F.2d at 393–97 and thus are not cognizable on a section 2255 motion. *Anderson v. United States, supra,* 619 F.2d at 773.

We have carefully considered all of petitioner's contentions and find them to be without merit. We affirm the order of the district court denying the section 2255 motion.