805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brooks James YOUNG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 86-5233.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion to reconsider this Court's order of April 18, 1986, which denied appellant's application for bail pending appeal of the district court's dismissal of his motion to vacate sentence (28 U.S.C. Sec. 2255). Because appellant cites no misapprehension of law or fact in our previous order denying bail, we conclude that appellant's motion to reconsider should be denied, Rule 40(a), Federal Rules of Appellate Procedure.
 
 
 2
 This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 This Court has previously affirmed appellant's convictions of conspiracy to obstruct interstate commerce by robbery, aiding and abetting, obstruction of interstate commerce by robbery, interstate transportation of stolen property and interstate transportation of a motor vehicle by unpublished order of August 24, 1984. On June 13, 1985, appellant filed a motion to set aside judgment and conviction in which he attacks the imposition of his sentences on the grounds that he received ineffective assistance of counsel, that the trial court infringed on his right to a fair trial by refusing to permit defense counsel to cross-examine a government witness, that the jury verdict was supported by substantial perjured testimony and that the evidence was insufficient to convict him as a matter of law. The district court denied the motion to vacate sentence and this appeal followed.
 
 
 4
 The first argument advanced by appellant is that he received ineffective assistance of counsel. The thrust of this argument is that his defense attorney did not object to the prosecution's calling one of appellant's co-defendants to testify. This Court has previously determined that appellant's trial counsel invited the testimony of the co-defendant for strategic and tactical trial purposes. This Court has also previously addressed the issue of whether appellant was prejudiced by the use of the testimony of his co-defendant and concluded that because of the implied invitation of his trial counsel, there was no prejudice to the appellant emanating from Mr. Hilliard's testimony. It is clear that the issue of whether appellant's attorney rendered ineffective assistance was addressed by this Court on appellant's direct appeal and he cannot relitigate that issue in a Sec. 2255 proceeding. United States v. Shabazz, 657 F.2d 189 (8th Cir.1981); United States v. Orejuela, 639 F.2d 1055 (3rd Cir.1981); Chin v. United States, 622 F.2d 1090 (2nd Cir.1980), cert. denied, 450 U.S. 923 (1981); Stephen v. United States, 496 F.2d 527 (6th Cir.1974), cert. denied, 423 U.S. 861 (1975).
 
 
 5
 Appellant also claims that his trial attorney rendered ineffective assistance of counsel by failure to adequately prepare for trial. A review of the record does not support appellant's claim of ineffective assistance of counsel. Strickland v. Washington, 104 S.Ct. 2052 (1984).
 
 
 6
 Next, appellant argues that his convictions were the result of the use of false evidence, to wit: the perjured testimony of Mr. Jenious. The record reflects that the jury was apprised of the "inconsistencies" of which appellant complains and the jury chose to believe those portions of his testimony unfavorable to appellant.
 
 
 7
 With respect to appellant's contention that there was insufficient evidence to support his conviction, it appears that he did not raise this issue on direct appeal. He is precluded from doing so now. See Chin v. United States, supra.
 
 
 8
 It appears that the questions on which this cause depends are so insubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion to reconsider be denied and the order of the district court be affirmed.