810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee RHINEHART, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-1312.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1986.
 
 Before WELLFORD and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court denial of his motion for relief filed pursuant to 28 U.S.C. § 2255. Appellant has also filed a motion for a stay of transfer pending disposition of this appeal. The government has filed a response to the stay motion. The appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In October, 1983, appellant pleaded guilty to charges of possession of marijuana (21 U.S.C. § 841(a)(1)) and possession of firearms (18 U.S.C.App. § 1202(a)(1)). He was sentenced to four years imprisonment with a one year special parole term. This Court affirmed the convictions by unpublished order of September 6, 1984.
 
 
 3
 On August 12, 1985, appellant filed a document he entitled "Petition for a Writ of Habeas Corpus Pursuant to Title 28 § U.S.C. 2241 and/or 2255". He sought release from custody on the grounds that: (1) the district court made substantial departures from the Jury Selection and Service Act in impaneling the Grand Jury that indicted appellant; (2) the Grant Jury that indicted appellant was not constitutionally acceptable, and; (3) the search of appellant's home was without a warrant. The district court entered an order reclassifying the case as one filed pursuant to 28 U.S.C. § 2255 because the document attacked the imposition of the sentence rather than the execution thereof. The district court also reassigned the case to the sentencing judge.
 
 
 4
 Appellant then filed a motion to stay his transfer from the Federal Correctional Institute in Milan to the Federal Correctional Institute in Rochester. By order of February 24, 1986, the district court denied 2255 relief and by order of March 18, 1986, denied the motion to stay transfer. Appellant filed a timely notice of appeal from the denial of the 2255 motion on April 1, 1986.
 
 
 5
 In his 2255 petition, appellant argues that the district court made substantial departures in the Jury Selection and Service Act of 1968 (28 U.S.C. § 1861). The bare allegations advanced by appellant in this regard do not establish that he suffered any prejudice or harm. Appellant fails to allege or establish that any of the asserted violations in the ministerial activities of selecting the Grand Jury which indicted him resulted in any constitutional deprivations or violations.
 
 
 6
 The next argument advanced by appellant is that the district court "made substantial constitutional violations in that the petitioner was indicted by an illegally constituted grand jury. The gist of this argument in this regard is that "the District" has systematically excluded young adults between the ages of 18-34 from the grand jury and that young black men and women and young white men and women are systematically excluded as forepersons of the grand jury. Appellant did not raise this issue prior to the initiation of this proceeding and therefore has waived his objection to the composition of the grand jury, there being no allegation of exclusion from the grand jury by reason of race or sex. Davis v. United States, 411 U.S. 233 (1973).
 
 
 7
 Appellant's final argument is that his home was searched without a warrant. The issue of the sufficiency of the warrant was raised on direct appeal and cannot be relitigated in this § 2255 proceeding. United States v. Shabazz, 657 F.2d 189 (8th Cir.1981); United States v. Orejuela, 639 F.2d 1055 (3d Cir.1981); Chin v. United States, 622 F.2d 1090 (2d Cir.1980), cert. denied, 450 U.S. 923 (1981); Stephen v. United States, 496 F.2d 527 (6th Cir.1974), cert. denied, 423 U.S. 861 (1975).
 
 
 8
 With respect to the motion to stay a transfer pending disposition of this appeal, it is concluded that the motion should be denied. Appellant relies on Rule 23, Federal Rules Appellate Procedure, to prohibit a transfer. Rule 23 applies only to habeas corpus cases and this case is clearly not a habeas corpus case; appellant is attacking the imposition of his sentence rather than the execution thereof. See Wright v. United States Board of Parole, 557 F.2d 74 (6th Cir.1977). The government's response to the motion for a stay indicates that the prison officials want to transfer appellant to the Federal Correctional Institution in Rochester, Minnesota; apparently there are security reasons behind the desire to transfer appellant. There does not appear to be any compelling reason to direct the officials at Federal Correctional Institution in Milan, Michigan, to retain appellant at that facility.
 
 
 9
 It appears that there are no non-frivolous issues to be determined in this appeal. Rule 9(d)(2), Rules of the Sixth Circuit. Therefore, it is ORDERED that appellant's motion for a stay of transfer and the motion for appointment of counsel be denied. It is further ORDERED that the final order of the district court be affirmed.