959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest WAGNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2058.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and SILER, Circuit Judges.
 
 ORDER
 
 1
 Ernest Wagner, a federal prisoner, moves this court for the appointment of counsel in his appeal from the district court's denial of his motion to vacate filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wagner was convicted by a jury of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846, and aiding and abetting the distribution of heroin and distributing same in violation of 21 U.S.C. § 841(a)(1). In total, he received 20 years imprisonment, five years of special parole, $150 in special assessment fees, and $15,000 in fines. His conviction was affirmed on direct appeal. Wagner was denied relief in two prior post conviction motions.
 
 
 3
 Wagner challenged his conviction by claiming that a non-testifying codefendant's extrajudicial statements were improperly admitted through the testimony of a government informant (James); that he was denied the opportunity to confront witnesses; that he received ineffective assistance of counsel; and that a special parole term was illegally imposed as a part of his sentence.
 
 
 4
 The district court dismissed the motion because Wagner had filed an earlier unsuccessful motion. Upon appeal, this court remanded the case for a ruling on the merits or for an analysis under Sanders v. United States, 373 U.S. 1, 15-19 (1963), explaining why the motion was precluded as successive. Upon remand, the district court again denied the motion, this time on the merits, yet gave no reasoning for its decision. Wagner appealed and this court once again vacated and remanded to the district court with instructions to set forth its reasoning so that effective appellate review would be possible.
 
 
 5
 In accordance with this court's instructions, the district court specifically held that:
 
 
 6
 1) Wagner's counsel had a complete opportunity to cross examine the government's informant;
 
 
 7
 2) Wagner failed to point to any co-defendant statement that was introduced and not subject to cross examination;
 
 
 8
 3) Wagner's allegations upon which he bases his ineffective assistance of counsel claim were raised and denied before trial in a motion in limine or did not meet the standard of Strickland v. Washington, 466 U.S. 668 (1984); and,
 
 
 9
 4) the law in effect when Wagner was sentenced clearly provided for the imposition of a special parole term.
 
 
 10
 Upon review, we find no error. Wagner's first two allegations of error concern the admissibility of the government informant's testimony. This issue was raised and reject by this court on direct appeal. Issues decided on direct appeal may not be relitigated under § 2255. Stephan v. United States, 496 F.2d 527 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975); United States v. Shabazz, 657 F.2d 189 (8th Cir.1981) (per curiam); United States v. Orejuela, 639 F.2d 1055 (3d Cir.1981) (per curiam). The district court did not err.
 
 
 11
 The district court also did not err by imposing a special parole term. The law repealing "special parole" was effective after Wagner committed the offense, was convicted and sentenced. Wagner was sentenced on February 21, 1986, and special parole was not repealed until November 1, 1986 (Public Law 98-473). Therefore, his sentence is valid.
 
 
 12
 Wagner was not denied effective assistance of counsel. He argues that his attorney failed to inform him that his sentence could be enhanced because he was a second offender and that his attorney failed to adequately investigate the government's informant (James) concerning James's testimony regarding his criminal record before the grand jury.
 
 
 13
 The district court held that these arguments were raised and denied in a pre-trial motion in limine, or were not ineffective assistance of counsel pursuant to Strickland, 466 U.S. at 687. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Inasmuch as these issues were raised in the district court, they cannot by definition be ineffective assistance of counsel. There was no deficient performance.
 
 
 14
 Accordingly, Wagner's motion for the appointment of counsel and for release on bond are hereby denied, and the district court's order denying the motion for relief filed pursuant to 28 U.S.C. § 2255 is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.