NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1527
_____

UNITED STATES OF AMERICA

v.

REGINALD BRADDY,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3-14-cr-00104-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2020

Before: SHWARTZ, PHIPPS, and SCIRICA, *Circuit Judges*.

(Filed: December 16, 2020)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

A federal jury found Reginald Braddy guilty of a drug conspiracy, and he now argues that his prior counsel was ineffective by not appealing an issue related to that unfavorable verdict. Before the trial, Braddy asked to represent himself, as is his statutory and constitutional right, but the District Court did not grant his request. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally . . . ."); *Faretta v. California*, 422 U.S. 806, 819 (1975) (holding that the Sixth Amendment guarantees the right to self-representation). Braddy's prior counsel appealed the verdict and challenged several rulings by the District Court – unsuccessfully – but did not raise Braddy's self-representation request. Having failed on direct appeal, Braddy collaterally attacked his conviction through a motion under 28 U.S.C. § 2255, arguing that his prior counsel was ineffective for not raising the self-representation issue on appeal. The District Court denied that motion, and Braddy timely appealed. We have jurisdiction over this appeal, *see* 28 U.S.C. §§ 1291 & 2255(d), and in exercising *de novo* review of the District Court's legal conclusions and clear-error review of its factual findings, *see United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014), we vacate the dismissal of the § 2255 motion and remand to the District Court for further proceedings.

I

Relatively early in his criminal proceeding, Braddy requested to represent himself without counsel. He did so through a letter after he was indicted on one count of conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine,

and heroin in violation of 21 U.S.C. § 846.  In that correspondence, Braddy expressed his dissatisfaction with his court-appointed counsel and emphasized his desire to proceed *pro se*.  The trial judge wrote back to Braddy to communicate the adage that "he who represents himself has a fool as a client" and to share the perspective that Braddy's court-appointed counsel "has a history of knowing what she is doing."  Ltr. from Hon. Edwin M. Kosik to R. Braddy (Apr. 17, 2015) (App. 49).  The trial judge further stated that he would like input from Braddy's counsel on the attorney-client relationship and that "[w]e will take it from there."  *Id*.

Nearly one month after Braddy's request to represent himself, and before the judge acted upon that request, Braddy's court-appointed counsel moved to withdraw from representing Braddy.  In that motion, counsel cited "irreconcilable differences particularly as to appropriate motions to be filed and as to the role of the defendant in dictating of [*sic*] defense counsel's decision-making process and in the determination of defense strategy."  Mot. to Withdraw as Counsel (App. 96).  The District Court granted that motion but then appointed new substitute counsel.

Even with the appointment of new counsel, Braddy continued to submit pre-trial filings *pro se* – instead of through counsel.  To justify those uncounseled filings, Braddy invoked the Sixth Amendment and cited *Faretta*.  Yet in none of those filings did Braddy express dissatisfaction with his newly appointed substitute counsel or otherwise renew his request to represent himself.

After a jury convicted him, however, Braddy filed a motion for a new trial solely on the grounds that his right to self-representation had been violated.  In that motion,

3

Braddy argued that he was "completely deprive[d] of his constitutional right to conduct his own defense" because the District Court appointed substitute counsel "without first holding a hearing to allow the defendant to exercise his Six [*sic*] Amendment right to represent his-self [*sic*] as guaranteed by the United States Constitution." Mot. Pursuant to R. 33 (App. 155-56).

The District Court denied Braddy's motion for a new trial. *United States v. Braddy*, No. 3:14-cr-104, 2016 WL 3633536 (M.D. Pa. July 7, 2016). In so doing, it acknowledged that not conducting a *Faretta* hearing to evaluate Braddy's request to represent himself may have been an error. *Id.* at *5–6. But in reviewing Braddy's conduct following the appointment of substitute counsel, the Court determined that, through acquiescence, Braddy had waived his right to self-representation. *Id.* at *5–6, 5 n.3.

Eight months after the jury verdict, Braddy had not been sentenced, and he wrote *pro se* to the District Court to request a sentence so that he could file an appeal. Within a month, the District Court held a hearing and sentenced Braddy to imprisonment for 235 months. *United States v. Braddy*, No. 3:14-cr-104, 2017 WL 2123565 (M.D. Pa. Apr. 17, 2017).

Braddy then appealed, represented by the same substitute counsel. His briefing challenged the District Court's denial of various motions – to suppress wiretap evidence, for a mistrial based on allegedly improper testimony, and for a judgment of acquittal – and he also disputed the reasonableness of his sentence. But the briefing did not raise the

4

*Faretta* issue. A panel of this Court affirmed Braddy's sentence. *United States v. Braddy*, 722 F. App'x 231 (3d Cir. 2017).

After his direct appeal, Braddy resumed *pro se* filings in the District Court. He moved for post-conviction relief under 28 U.S.C. § 2255. In his briefing, Braddy argued that his Sixth Amendment right to counsel was impaired by the ineffective assistance of his appellate counsel. According to Braddy, by failing to raise the *Faretta* issue on appeal, his prior attorney's performance fell below the constitutionally guaranteed standard of minimum competency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (articulating two components of a Sixth Amendment ineffective assistance of counsel claim: deficient performance and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 535–36 (1986) (applying the *Strickland* standard to appellate counsel); *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002) ("The two-prong standard of *Strickland v. Washington* . . . applies to a defendant's claim that his appellate counsel was ineffective." (citations omitted)).

The District Court denied Braddy's § 2255 motion on three grounds. First, it referenced several cases for the proposition that § 2255 motions "may not be employed to relitigate questions which were raised and considered on direct appeal." *Braddy v. United States*, No. 3:14-cr-104, 2019 WL 462136, at *3 (M.D. Pa. Feb. 6, 2019) (quoting *United States v. Green*, Nos. 08-cr-44, 15-cv-3321, 2016 WL 11201635, at *3 (E.D. Pa. Dec. 9, 2016)). Second, the District Court concluded that Braddy's § 2255 motion was an improper "vehicle for contesting portions of the district court's decision denying his motion for a new trial." *Id.* (alterations omitted) (quoting *United States v. DeRewal*,

5

10 F.3d 100, 105 n.4 (3d Cir. 1993)). And third, the District Court explained that if Braddy had wished for reconsideration of his self-representation claim, he could have raised it in his direct appeal. *Id.*

Braddy appealed *pro se* the District Court's denial of his § 2255 motion. A panel of this Court granted a certificate of appealability and appointed counsel to represent Braddy in briefing this case. For the reasons below, we will vacate the District Court's order and remand for further proceedings.

## II

Section 2255 permits a federal prisoner to collaterally attack his sentence, but the grounds for such a motion are narrow. *See* 28 U.S.C. § 2255; *see also Wall v. Kholi*, 562 U.S. 545, 551–52 (2011) ("By definition . . . [a] 'collateral attack' is '[a]n attack on a judgment in a proceeding *other than a direct appeal*.'" (second alteration in original) (quoting Black's Law Dictionary 298 (9th ed. 2009))). A § 2255 motion does not function as a second appeal, *see United States v. Frady*, 456 U.S. 152, 165 (1982), and thus it does not ordinarily allow for re-review of issues raised on direct appeal. *See, e.g.*, *Travillion*, 759 F.3d at 288; *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981); *see also Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969) ("Where a trial or appellate court has determined the federal prisoner's claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing."). At the same time, a claim *not* raised on direct appeal cannot ordinarily be reviewed under § 2255. *See, e.g.*, *Travillion*, 759 F.3d at 288 n.11; *DeRewal*, 10 F.3d at 105 n.4; *Massaro v. United States*, 538 U.S. 500, 504 (2003). From these standards, collateral attack under § 2255 seems to present

6

prisoners with a Catch-22: raising an issue on direct appeal may preclude that issue from serving as a basis for § 2255 relief, but not raising an issue on direct appeal may forfeit the prisoner's ability to seek § 2255 relief on that ground.

That apparent double-bind, however, does not apply to claims of ineffective assistance of appellate counsel. Precedent has long recognized that "[a] § 2255 motion is a proper and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance of counsel." *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (citations omitted); *see also Massaro*, 538 U.S. at 504 (permitting the raising of ineffective assistance of counsel claims on collateral review even when they could have been raised on direct review but were not). And that is especially so for a claim of ineffective assistance of appellate counsel because in representing a prisoner on direct appeal, counsel cannot be expected to advocate against his or her own effectiveness.

Because a § 2255 motion may be used to challenge the effectiveness of appellate counsel, the District Court's three rationales for denying Braddy's motion come undone. First, Braddy's claim for ineffective assistance of appellate counsel is not procedurally barred because it does not attempt to relitigate an issue raised on direct appeal. Rather, Braddy now argues that his prior appellate counsel was ineffective, and that issue could not have been raised previously. Second, the District's Court's prior resolution of the *Faretta* argument in Braddy's motion for a new trial does not preclude Braddy from challenging the effectiveness of his appellate counsel, who did not dispute the District Court's ruling on appeal. And third, it is true that Braddy could have raised his self-representation claim on direct appeal, but that is exactly why he filed a § 2255 motion:

7

his attorney did not include that argument, and Braddy argues that such inaction was ineffective assistance. Thus, because a § 2255 motion provides a mechanism for challenging the ineffectiveness of appellate counsel, none of the District Court's contrary rationales can be sustained.

We will therefore vacate the District Court's denial of Braddy's § 2255 motion and remand for evaluation of the performance and the prejudice prongs of his ineffective assistance of appellate counsel claim.