**Elizabeth Jane Young CHIN, Kenneth R. Chin, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 966, Docket 79–2217.**

United States Court of Appeals, Second Circuit.

Argued April 15, 1980.

Decided May 20, 1980.

---

Eleanor Jackson Piel, New York City, for appellant Elizabeth Jane Young Chin.

Basil R. Pollitt, Brooklyn, N. Y., for appellant Kenneth R. Chin.

Rhonda C. Fields, Asst. U. S. Atty., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty. for the Eastern District of New York, Mary McGowan Davis, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before LUMBARD and MULLIGAN, Circuit Judges, and SPEARS, District Judge.*

LUMBARD, Circuit Judge:

Elizabeth Jane Young Chin ("Young") and her husband Kenneth R. Chin ("Chin"), appeal from an order entered by Chief Judge Mishler in the Eastern District of New York on October 17, 1979, denying their motions to vacate their sentences and convictions.[1] We affirmed the convictions without opinion. *United States v. Chin*, 556 F.2d 560 (2d Cir. 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 771 (1977). We find that reconsideration of issues disposed of on direct appeal is not warranted and, accordingly, affirm the order of the district court.

Petitioners were originally charged in a two-count indictment with conspiracy to transport four firearms from California to New York in violation of 18 U.S.C. § 922(a)(3), and with the substantive offense of transporting firearms.[2] Prior to trial, petitioners moved to suppress weapons seized pursuant to a warrant to search their apartment. The district court denied the motion, finding that, as the first affidavit alone supplied probable cause for the warrant, any misstatement in the second affidavit was of no consequence. Thereafter, upon the government's motion for severance, Young was tried first. At the trial, evidence showed that Young and Chin had been living together in Brooklyn, New York since July, 1974. In June, 1975, while still a New York resident, Young traveled alone to California, and using a driver's license reflecting a California address, purchased a rifle from a licensed gun dealer. Evidence also showed that Young made other purchases of firearms from individuals who were not licensed dealers. Young thereafter returned to New York and moved back into Chin's apartment where the weapons were eventually seized. Before charging the jury, the district court struck the evidence concerning one of the weapons on the ground that the government had failed to prove that Young had transported that weapon to New York. The jury acquitted Young on the conspiracy count but was unable to reach a verdict on the substantive count. The district court thereupon declared a mistrial on the substantive count.

A superseding indictment was returned on April 19, 1976, charging each of the petitioners with eight counts of unlawful transportation and receipt of firearms in

---

* Honorable Adrian A. Spears, District Judge of the Western District of Texas, sitting by designation.

1. Petitioners originally sought relief under 28 U.S.C. § 2255. However, because their sentences had expired before entry of the district court's order, the petitions were properly treated as seeking writs *coram nobis* under 28 U.S.C. § 1651(a). *See, United States v. Loschiavo*, 531 F.2d 659, 662 (2d Cir. 1976).

2. 18 U.S.C. § 922(a)(3) states that, subject to certain exceptions, it is unlawful "for any person . . . to transport into or receive in the State where he resides . . . any firearm purchased or otherwise obtained by such person outside that State."

violation of 18 U.S.C. § 922(a)(3).[3] Young moved to dismiss the new indictment on the grounds that her acquittal on the conspiracy charge estopped the government from proceeding on the substantive charge. This motion was also denied by the district court on the ground that Young had failed to show that the government was attempting to relitigate any issue decided in her favor at the first trial. Petitioners were tried jointly and substantially the same evidence was presented as at the first trial. Young was convicted on one count of unlawful transportation and Chin was convicted of aiding and abetting the unlawful transportation of the same firearm and also of receipt of that firearm.

On appeal, Young again claimed that (1) the search warrant was invalidated by the alleged misstatement in the second affidavit and (2) the government was estopped from proceeding on the second indictment. Chin joined on the search warrant issue and argued that there was insufficient evidence to support his conviction. We rejected these arguments. In response to petitions for certiorari filed by Young and Chin, the Solicitor General confessed error and suggested that the Supreme Court reverse Chin's conviction on the ground that the evidence against Chin was insufficient. The Supreme Court denied the petitions of both Young and Chin, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 771 (1977).

■ In seeking collateral review of their convictions, petitioners renew the arguments raised on direct appeal. However, it is well-settled that "once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack . . . ." *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977), *cert. denied*, 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977). Reconsideration is permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on

direct appeal. *See, United States v. Loschiavo, supra*, at 664. Thus, petitioners must show that there is new law which, when applied to their claims, would result in a different disposition.

■ In regard to the search warrant, petitioners claim to have found a "deliberate falsehood" in the second affidavit. They urge that the intervening decision in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) requires a hearing into the alleged misrepresentation and reconsideration of the warrant's validity. We disagree. *Franks v. Delaware* holds that, when a defendant challenges the truthfulness of factual statements made in an affidavit supporting a warrant, a hearing is required only if "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish a probable cause . . . ." 438 U.S. at 155–6, 98 S.Ct. at 2677. Accordingly, as it has already been determined that the second affidavit was unnecessary for the establishment of probable cause, petitioners are not entitled to reconsideration on this claim.

■ In urging reconsideration of her collateral estoppel claim, Young contends that the intervening decision in *United States v. Mespoulede*, 597 F.2d 329 (2d Cir. 1979) constitutes relevant new law. We cannot agree that *Mespoulede* constitutes new law. Rather, *Mespoulede* sets forth well-settled principles of collateral estoppel that apply to criminal prosecutions as an element of double jeopardy. *Mespoulede* teaches only that, to prevail on a claim of collateral estoppel, "the defendant must carry the burden of proving that the fact-finder acquitted him because it resolved in his favor the very issue that he seeks to foreclose from consideration in the second trial." 597 F.2d at 333. As Young is unable to show the basis for the acquittal on the conspiracy charge, she has failed to show that any particular issues were necessarily resolved in her favor at the first trial. Consequent-

---

**3.** In the first indictment, transportation of the four weapons had been charged in the single substantive count. In the second indictment, each of the weapons served as the basis for a transportation and a receipt count.

ly, we cannot conclude that the government was estopped at the second trial from relitigating the substantive charges.

 Young also argues that, by virtue of the instructions given the first jury to disregard evidence concerning one of the weapons, the government was prohibited by the double jeopardy clause from including charges relating to that weapon in the superseding indictment. Young failed to raise this point on direct appeal and we believe it is now barred by the rule precluding collateral review where there has been a deliberate by-pass of appellate channels. *Pacelli v. United States*, 588 F.2d 360, 362–4 (2d Cir. 1978), *cert. denied*, 441 U.S. 908, 99 S.Ct. 2001, 60 L.Ed.2d 378 (1979). In any event, we find the double jeopardy argument to be without merit. In striking the evidence concerning one weapon, the district court took no action which can be construed as an acquittal on any substantive charge relating to that weapon. The district court's instructions to the first jury constituted an evidentiary ruling only and was not a determination of Young's guilt or innocence.

Chin has renewed his argument that there was insufficient evidence to support his conviction.[4] He rests this argument on the fact that, in response to his petition for certiorari, the Solicitor General confessed error on the ground that Chin's conviction was not supported by substantial evidence. A confession of error represents only the opinion of the Solicitor General. It does not bind the Supreme Court, which examines the matter independently. *Young v. United States*, 315 U.S. 257, 258–9, 62 S.Ct. 510, 511–512, 86 L.Ed. 832 (1941). Nor does it bind our court or the district court. We have already examined the sufficiency of the government's evidence in considering Chin's appeal from his conviction and we do not believe that the expression of opinion by the Solicitor General requires us to reach a different conclusion.

The Supreme Court did not follow the Solicitor General's suggestion; we see no reason why we should do so.

Affirmed.

---

4. We reject Chin's suggestion that the intervening decision in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), establishes a new standard for collateral review of federal convictions. *Jackson v. Virginia* is limited to habeas corpus proceedings involving state prisoners and has no bearing on review of federal convictions.