**Francis P. TRACEY, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 84–1100.**

United States Court of Appeals, First Circuit.

Submitted on Briefs.

Decided July 27, 1984.

**680**

Francis P. Tracey, pro se.

Thomas J. Curley, Jr., Asst. U.S. Atty., and William F. Weld, U.S. Atty., Boston, Mass., on brief, for appellee.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal from the district court's denial, without hearing, of a 28 U.S.C. § 2255 motion.[1] Petitioner-appellant, Fran-

---

1. 28 U.S.C. § 2255 reads:

**§ 2255. Federal custody; remedies on motion attacking sentence**

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that

there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the court of appeals from the order on the motion as from the final judgment on application for writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

cis P. Tracey, was convicted by a jury on three counts of income tax evasion in violation of 26 U.S.C. § 7201 and three counts of filing false income tax returns in violation of 26 U.S.C. § 7206(1). Petitioner appealed, and the conviction was affirmed. *United States v. Tracey*, 675 F.2d 433 (1st Cir.1982). Tracey was sentenced to eighteen months in federal prison and ordered to pay a total fine of $15,000. The 2255 motion was filed *pro se* on September 29, 1983; Tracey was released from prison the next day, September 30, 1983.[2] We affirm.

The motion was assigned to the same district court judge who presided at petitioner's trial. He ordered the government to file a responsive pleading. The government complied. By memorandum and order of November 7, 1983, the district court dismissed the petition without a hearing. Petitioner then filed a series of motions for reconsideration. He moved for reconsideration of the court's order; the government replied in opposition, and the motion for reconsideration was denied. Petitioner then filed a special motion for reconsideration that was also denied. Finally, another special motion for reconsideration was filed and denied without argument.

On appeal, petitioner asserts six reasons for vacating or setting aside the sentence: (1) the government unconstitutionally denied him exculpatory evidence; (2) he was a victim of selective prosecution; (3) the government deprived him of a fair trial through the United States Attorney's failure to disclose certain information in the post-conviction proceedings; (4) his sixth amendment rights were violated due to the restricted cross-examination of the key government witness, Francis X. Green; (5) his sentence was based on materially false and prejudicial information in his presentence report; (6) his conviction was obtained through Green's perjured testimony.

■ Before turning to these contentions, we first note that petitioner raises an issue on this appeal that was not part of his original 2255 motion. He argues that the district court judge, Mazzone, J., who tried the case should not have also decided the 2255 motion.

Petitioner claims that because the judge was familiar with the case, he had already made up his mind about the outcome of the motion and should have recused himself. In support of this position, he cites to our opinion in *Halliday v. United States*, 380 F.2d 270 (1st Cir.1967), *cert. denied*, 395 U.S. 971, 89 S.Ct. 2106, 23 L.Ed.2d 761 (1969). *Halliday*, however, is inapposite. The question in that case was whether the same district judge who had accepted pleas of guilty without making any inquiry as to the voluntariness of the pleas or the defendant's understanding of the nature of the charges could decide a 2255 motion requesting a change of pleas on the grounds that the judge had violated Federal Rule of Criminal Procedure 11 in failing to make the inquiry. The motion asserted that in pleading guilty the defendant had been confused and did not understand to what he was pleading guilty. We held that it was not proper for the same judge to review the correctness of his own determination. *Id.* at 272. We specifically stated, however: "This interdiction does not mean that the sentencing judge cannot review a § 2255 petition to conclude, if appropriate, that no evidentiary hearing is required." *Id.* at 274.

Petitioner has alleged no facts on which a claim of bias or prejudice by the judge could be based. *See* 28 U.S.C. §§ 144, 455. We must also note that petitioner's claim of judicial bias came after his 2255 motion and subsequent motions for reconsideration were denied. In *Halliday*, the motion for recusal accompanied the filing of the 2255 motion.

Finally, and quite significantly, we point to Rule 4(a) of the Rules Governing Section 2255 Proceedings in the United States Dis-

---

**2.** The government has not suggested that the case is moot. *See United States v. Correa-DeJesus*, 708 F.2d 1283 (7th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 530, 78 L.Ed.2d 712 (1983); *United States v. Hay*, 702 F.2d 572, 573 (5th Cir.1983); *Courtney v. United States*, 486 F.2d 1108, 1109 n. 1 (9th Cir.1973); *Reed v. United States*, 471 F.2d 721, 722 (5th Cir.1973); *Marshall v. United States*, 465 F.2d 966, 967 (9th Cir.1972).

trict Courts, which the district court judge followed:

**Rule 4. Preliminary Consideration by Judge**

**(a) Reference to judge; dismissal or order to answer.** *The original motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him,* or, if the judge who imposed sentence was not the trial judge, then it shall go to the judge who was in charge of that part of the proceedings being attacked by the movant. If the appropriate judge is unavailable to consider the motion, it shall be presented to another judge of the district in accordance with the procedure of the court for the assignment of its business. [Emphasis added.]

 Petitioner's claims of denial of exculpatory evidence, denial of a fair trial, violation of his sixth amendment right to full cross-examination and that his conviction was obtained through perjured testimony are all based on the testimony of the government's chief witness, Francis X. Green, and Green's alleged relationship with the United States Attorney at the time of the trial. Although the nomenclature was different, the subject matter of these claims was considered and rejected by us in the original appeal, *United States v. Tracey,* 675 F.2d 433, and we will not reconsider them. Issues disposed of on a prior appeal will not be reviewed again by way of a 2255 motion. *Dirring v. United States,* 370 F.2d 862 (1st Cir.1967). "Absent an intervening change in the applicable law, issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack." *United States v. Sanders,* 723 F.2d 34, 36 (8th Cir.1983). *See also United States v. Orejuela,* 639 F.2d 1055, 1057 (3d

Cir.1981); *Chin v. United States,* 622 F.2d 1090, 1092 (2d Cir.1980), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981); *United States v. Natelli,* 553 F.2d 5, 7 (2d Cir.), *cert. denied,* 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977); *United States v. Romano,* 516 F.2d 768, 771 (2d Cir.), *cert. denied,* 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975).

Petitioner's claims that his presentence report contained false, erroneous and prejudicial material were also considered and rejected by us in the first appeal. *United States v. Tracey,* 675 F.2d at 440–41. There is no need to cover this ground again.

 Finally, we turn to the only claim not raised directly or indirectly on the first appeal, selective prosecution. This was raised for the first time in petitioner's 2255 motion. Under Federal Rule of Criminal Procedure, 12(b)(1), and 12(f),[3] petitioner waived the right to raise the selective prosecution defense when he did not, as the rule mandates, raise it prior to trial.

Moreover, it is clear that there is no substantive basis to this claim. The law on selective prosecution is well settled in this circuit:

When considering an attack on the Government's exercise of its broad discretion in the decision whether to prosecute a particular case, we presume that that choice has been made in good faith for reasons of sound governmental policy. *See United States v. Lichenstein,* 610 F.2d 1272, 1281 & n. 4 (5th Cir.), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980); *United States v. Union Nacional de Trabajadores,* 576 F.2d 388, 395 (1st Cir.1978). To overcome this presumption, defendants bear a heavy burden. Only if a defendant can establish *prima facie*

---

**3.** Federal Rule of Criminal Procedure 12 reads in relevant part:

**(b) Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:

(1) Defenses and objections based on defects in the institution of the prosecution;

. . . .

**(f) Effect of Failure To Raise Defenses or Objections.** Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights[,] does the burden shift to the government to demonstrate that the prosecution was not premised on an invidious objective. *United States v. Union Nacional de Trabajadores,* 576 F.2d at 395, *quoting United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974).

*United States v. Saade,* 652 F.2d 1126, 1135 (1st Cir.1981).

■ No facts have been alleged by petitioner tending to show that other individuals similarly situated have not been prosecuted because of the same type of conduct. To the contrary, we take judicial notice that since petitioner's trial at least five officials of the City of Boston have pled guilty or have been convicted of various federal offenses in this district.[4] The presumption that the government's decision to prosecute was made in good faith easily withstands the petitioner's challenge.

Because the 2255 motion was, with one meritless exception, merely a rehash of the first appeal, there was no need for a hearing by the district court judge.

*Affirmed.*

---

**4.** *United States v. Miller,* Crim. No. 83–192–K (D.Mass. filed November 16, 1983). *United States v. Rendini,* Crim. No. 83–0081–MA (D.Mass. filed July 1, 1983); *United States v. McNeill,* Crim. No. 82–0330–K (D.Mass. filed April 26, 1983), *aff'd,* 728 F.2d 5 (1st Cir.1984); *United States v. Williams,* Crim. No. 81–393 (D.Mass. filed March 31, 1982); *United States v. Collatos,* Crim. No. 81–365 (D.Mass. filed March 19, 1982).