**Ishmael MUHAMMED, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 83 Cr. 150 (MP).

United States District Court, S.D. New York.

June 10, 1986.

Ishmael Muhammed, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., by Margaret S. Groban, Asst. U.S. Atty., New York City, for respondent.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Ishmael Muhammed petitions pursuant to 28 U.S.C. § 2255 to set aside and dismiss his convictions, in November 1983, on counts one, five and thirteen of the superseding indictment on which he was tried. Finding that no factual issues are raised and that his legal contentions lack merit, the petition will be dismissed; no evidentiary hearing is required in such circumstances.

Muhammed and seven others were tried together before the Court and a jury from October 10, 1983 to November 21, 1983, on charges of violating the federal narcotics and anti-racketeering laws. Two of the eight were charged also with firearms offenses. The eight were convicted of various offenses.

The petitioner, Muhammed, was convicted of violation of 21 U.S.C. § 846 (narcotics conspiracy); of 21 U.S.C. § 848 (conducting a continuing criminal enterprise); and of 18 U.S.C. § 1962(d) (conspiracy to violate the RICO Act). Muhammed was given consecutive sentences on January 12, 1984 on the continuing criminal enterprise count and on the RICO conspiracy count. His sentence on the narcotics conspiracy conviction (Sec. 846) was merged with the sentence for conducting a continuing criminal enterprise (Sec. 848). On Muhammed's appeal, the judgments against him were affirmed in all respects. *United States v. Thomas, et al.,* 757 F.2d 1359 (2d Cir.) *cert. denied,* — U.S. ——, 106 S.Ct. 66, 88 L.Ed.2d 54 (1985).

After denial of certiorari by the Supreme Court, Muhammed moved for a new trial on the ground that the evidence failed to support his conviction of operating a continuing criminal enterprise (Sec. 848), as well as on the ground that his probation investigation report contained uncorrected derogatory information which was false in respect of his activities. Those motions were denied in an unreported opinion dated November 15, 1985.

This second post-conviction attack on the judgments, again raises the alleged insufficiency of evidence of conducting a continuing criminal enterprise (Sec. 848), but also adds alleged insufficiency of evidence of violation of Sections 846 (narcotics conspiracy) and of 1962(d) (RICO conspiracy).

■ In dismissing Muhammed's post-conviction motion for a new trial, we noted that he had fully litigated the sufficiency of evidence of violation of Section 848 on direct appeal; that the Court of Appeals had ruled that the evidence sufficiently supported all the essential elements for conviction under Sec. 848. No grounds are given or exist to reconsider those earlier denials of post-conviction relief, Cf. *Williams v. United States,* 731 F.2d 138, 141 (2d Cir. 1984), *cert. denied,* — U.S. ——, 105 S.Ct. 956, 83 L.Ed.2d 963 (1985) and Muhammed is not privileged to collaterally raise the same issues on the same grounds that he presented unsuccessfully on his direct appeal. *Chin v. United States,* 622 F.2d 1090, 1092 (2d Cir.1980), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981).

■ The instant petition now adds a challenge to the sufficiency of the evidence underlying his Sec. 846 and Sec. 1962(d) convictions. These points were not specifically addressed by Muhammed on his direct appeal, a deliberate by-pass, and collateral review is consequently now barred. *Chin v. United States, supra,* 622 F.2d at 1093.

In any event, the evidence on these two charges established the guilt of Muhammed beyond reasonable doubt thereon. The nature of that evidence is mischaracterized by Muhammed as involving "inadmissible hearsay." To the contrary, Muhammed's own admissions made to the witness Barnes, the physical evidence of Muhammed's accumulated wealth sufficiently established Muhammed's memberships in the Section 846 and 1962(d) conspiracies and along with the admissions of co-conspirators in the course of, and in furtherance of, the conspiracies, all these supplied ample evidence for the conviction.

 Membership in the conspiracies of the petitioner was adequately shown within the dictates of *United States v. Geaney,* 417 F.2d 1116 (2d Cir.1969), *cert. denied,* 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970), and that was supplemented by the admissions of the co-conspirators, together, that proof furnished the requisite evidence for the jury on which to convict. Such admissions are non-hearsay. *See United States v. Ciambrone,* 787 F.2d 799, 807 (2d Cir.1986); Rule 801(d)(2)(A), Fed.R.Evid.

The contention also made by Muhammed that consecutive sentences may not be imposed for violations of Sec. 848 and of 1962(d) was rejected on appeal. *United States v. Thomas, et al.,* 757 F.2d 1359, at 1371. When, as in the case of those two statutes, "each provision requires proof of a fact which the other does not," the offenses are considered separate. *Albernaz v. United States,* 450 U.S. 333, 338, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981). The further legal contention that the narcotics conspiracy established under Section 846 was improperly included as a predicate for the continuing criminal enterprise charge under Section 848 is legally unsound and was rejected as invalid in *United States v. Young,* 745 F.2d 733, 751–52 (2d Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985) ["a lesser included § 846 conspiracy may serve as a predicate offense for a § 848 continuing criminal enterprise."]. *See United States v. Jones,* 763 F.2d 518, 524–25 (2d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 386, 88 L.Ed.2d 339 (1985).

Petition Dismissed.

So Ordered.