9 F.3d 1535
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Charles Merrill MOUNT, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
Charles Merrill MOUNT, Petitioner,
v.
UNITED STATES of America, Respondent.
UNITED STATES, Appellee,
v.
Charles Merrill MOUNT, Defendant, Appellant.
 Nos. 93-1355, 93-1411, 93-1655.
 United States Court of Appeals,
First Circuit.
 November 12, 1993
 
 Appeals from the United States District Court for the District of Massachusetts
 Charles Merrill Mount on briefs pro se.
 A. John Pappalardo, United States Attorney, and Tobin N. Harvey, Assistant United States Attorney, on briefs for appellee/respondent.
 D.Mass.
 AFFIRMED
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 The judgments in these consolidated appeals are each affirmed. The contention that the district judge lacked jurisdiction to preside over appellant's collateral proceedings because she presided at trial is frivolous. Appellant's reliance on Halliday v. United States, 380 F.2d 270 (1st Cir. 1967), is misplaced. See, e.g., Panzardi-Alvarez v. United States, 879 F.2d 975, 985 (1st Cir. 1989), cert. denied, 493 U.S. 1082 (1990); Tracey v. United States, 739 F.2d 679, 681 (1st Cir. 1984), cert. denied, 469 U.S. 1109 (1985). Nor is there any reason to disturb the denial of appellant's motion to "cancel" the $50 special assessments. Contrary to his assertion, such assessments are to be imposed "per count rather than per defendant." United States v. Smith, 857 F.2d 682, 686 (10th Cir. 1988); see, e.g., United States v. Rivera-Martinez, 931 F.2d 148, 152 n.5 (1st Cir.), cert. denied, 112 S. Ct. 184 (1991). The statutory directive that the "obligation to pay an assessment ceases five years after the date of the judgment," see 18 U.S.C. § 3013(c), contemplates no judicial intervention, at least in the absence of an ongoing attempt to secure payment. And cessation of the obligation to pay is not the equivalent of nullification ab initio of the assessment.
 
 
 2
 The judgments are affirmed. Appellant's petition is denied. Appellant's "cross-motion for summary judgment" is denied.