USCA1 Opinion

 

 November 12, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1355 CHARLES MERRILL MOUNT, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ No. 93-1411 CHARLES MERRILL MOUNT, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ No. 93-1655 UNITED STATES, Appellee, v. CHARLES MERRILL MOUNT, Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ____________________ Charles Merrill Mount on briefs pro se. _____________________ A. John Pappalardo, United States Attorney, and Tobin N. Harvey, ___________________ _______________ Assistant United States Attorney, on briefs for appellee/respondent. ____________________ ____________________ Per Curiam. The judgments in these consolidated appeals __________ are each affirmed. The contention that the district judge lacked jurisdiction to preside over appellant's collateral proceedings because she presided at trial is frivolous. Appellant's reliance on Halliday v. United States, 380 F.2d ________ _____________ 270 (1st Cir. 1967), is misplaced. See, e.g., Panzardi- ___ ____ _________ Alvarez v. United States, 879 F.2d 975, 985 (1st Cir. 1989), _______ _____________ cert. denied, 493 U.S. 1082 (1990); Tracey v. United States, ____________ ______ _____________ 739 F.2d 679, 681 (1st Cir. 1984), cert. denied, 469 U.S. ____________ 1109 (1985). Nor is there any reason to disturb the denial of appellant's motion to "cancel" the $50 special assessments. Contrary to his assertion, such assessments are to be imposed "per count rather than per defendant." United ______ States v. Smith, 857 F.2d 682, 686 (10th Cir. 1988); see, ______ _____ ___ e.g., United States v. Rivera-Martinez, 931 F.2d 148, 152 n.5 ____ _____________ _______________ (1st Cir.), cert. denied, 112 S. Ct. 184 (1991). The ____________ statutory directive that the "obligation to pay an assessment ceases five years after the date of the judgment," see 18 ___ U.S.C. 3013(c), contemplates no judicial intervention, at least in the absence of an ongoing attempt to secure payment. And cessation of the obligation to pay is not the equivalent of nullification ab initio of the assessment. _________ The judgments are affirmed. Appellant's petition is ________________________________________________________ denied. Appellant's "cross-motion for summary judgment" is _____________________________________________________________ denied. _______ -3-