USCA1 Opinion

 

 December 16, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1264 UNITED STATES, Appellee, v. CHARLES MERRILL MOUNT, Defendant, Appellant. ____________________ No. 93-1330 No. 93-1331 CHARLES MERRILL MOUNT, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Charles Merrill Mount on briefs pro se. _____________________ A. John Pappalardo, United States Attorney, and Tobin N. Harvey, __________________ ________________ Assistant United States Attorney, on Memoranda in Support of Motions for Summary Dismissal of Appeal, for appellee. ____________________ ____________________ Per Curiam. In Nos. 93-1330 and 93-1331, appellant ___________ contends that the district judge lacked jurisdiction to preside over his collateral proceedings because she presided at trial. This allegation, which is identical to one we recently rejected in another series of appeals from this appellant, is frivolous. Appellant's reliance on Halliday v. ________ United States, 380 F.2d 270 (1st Cir. 1967), is misplaced. ______________ See, e.g., Panzardi-Alvarez v. United States, 879 F.2d 975, ___ ____ ________________ _____________ 985 (1st Cir. 1989), cert. denied, 493 U.S. 1082 (1990); ____________ Tracey v. United States, 739 F.2d 679, 681 (1st Cir. 1984), ______ ______________ cert. denied, 469 U.S. 1109 (1985). ____________ In No. 93-1264, appellant appeals from the denial of a motion under Fed. R. Crim. P. 41(e) for return of property. He there sought the return of some 135 historical documents which, he alleged, had been stricken from the indictment due to lack of proof of government ownership. This motion was filed nearly four years after his conviction and over two years after our affirmance thereof. See United States v. ___ _____________ Mount, 896 F.2d 612 (1st Cir. 1990). Because of such delay, _____ the district court denied the motion on the ground of laches. See, e.g., Soviero v. United States, 967 F.2d 791, 792-93 (2d ___ ____ _______ _____________ Cir. 1992) (noting that request for return of property, whether deemed a Rule 41(e) motion or a separate civil proceeding, is subject to equitable concerns). We find no abuse of discretion. See, e.g., K-Mart Corp. v. Oriental ___ ____ ____________ ________ Plaza, Inc., 875 F.2d 907, 911 (1st Cir. 1989) (laches ____________ determination reviewed "only for abuse of discretion"). We note initially that the factual premise on which appellant's request rests--that 135 documents were stricken from the indictment--flies in the face of the record. See ___ 896 F.2d at 614, 616-20 (discussing proof of ownership as to all 167 documents charged in superseding indictment). Appellant points to a two-page excerpt from the trial transcript indicating that certain exhibits (listed by number but not otherwise identified) were stricken. To be sure, we cannot rule out the possibility, on the limited record before us, that such excluded exhibits may have included some small number of documents as to which government ownership was never established. Yet it is precisely because of the difficulties of ascertaining such facts at this late stage that the doctrine of laches was, we think, properly applied. Appellant had ample opportunity to seek such relief in the wake of his conviction, when the full record was readily available and the events at trial were fresh in the minds of all parties.1 His request that the trial record now be parsed, document by document, in order to reconstruct proof of ownership is one that the district court was justified in summarily rejecting as a matter of equitable discretion. ____________________ 1. Given the quantity of post-conviction motions and petitions he has filed, his claim that he was disabled from doing so because of his incarceration is frivolous. -3- The judgments are affirmed. ___________________________ -4-