USCA1 Opinion

 

 April 6, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1843 H. RAYMOND KELLETT, JR., Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ H. Raymond Kellett, Jr. on brief pro se. _______________________ A. John Pappalardo, United States Attorney, Deborah M. Smith, ___________________ __________________ Director, New England Bank Fraud Task Force, and Donald C. Lockhart, ___________________ Trial Attorney, New England Bank Fraud Task Force, Fraud Section, Criminal Division, Department of Justice, on brief for appellee. ____________________ ____________________ Per Curiam. H. Raymond Kellett, Jr., has appealed __________ the district court's dismissal of his habeas petition on res judicata grounds. On appeal, the government agrees with Kellett that the district court erred in dismissing the petition. It concurs that the doctrine of res judicata does not apply in habeas or postconviction proceedings. See, ____ e.g., Sanders v. United States, 373 U.S. 1, 8, 14-15 (1963). _____ _______ _____________ The parties also explain convincingly that the court had not resolved Kellett's earlier petition under 28 U.S.C. 2255 on the merits. The government argues, however, that remand is not necessary because Kellett's petition is meritless as a matter of law. After reviewing the petition and the record on appeal, we agree and therefore affirm.1 In his habeas petition, Kellett claimed that the prosecutor had concealed material exculpatory evidence from him, i.e., that senior bank officers and directors had known that false loan applications were being submitted to the bank for approval. On appeal, he argues that he would not have pled guilty to the charge of making false statements to a federally insured bank in violation of 18 U.S.C. 1014 if he had known of this evidence. Kellett's argument appears to be that this evidence was exculpatory because a necessary ____________________ 1. We hereby grant the government's motion to withdraw its original appendix and to substitute an appendix excluding Kellett's presentence report. In determining this appeal, we have considered only the contents of the replacement appendix. element of the crime to which he pled guilty was that the bank have relied on the false statements when it approved the loans. That is, Kellett says that no crime under section 1014 would have been committed if the bank was not actually deceived when it approved loans on the basis of false loan documents. Abundant case law to the contrary undermines Kellett's claim. See, e.g., United States v. Norberg, 612 __________ ______________ _______ F.2d 1, 4-5 (1st Cir. 1979) (the focus of the statute is that a false statement was made for the purpose of influencing the ___________ bank to take certain action; the cases make clear that a bank's reliance on the false statement is irrelevant); see ___ also United States v. Johnson, 585 F.2d 119, 125 (5th Cir. ____ _____________ _______ 1978) (The statute applies "not only [to] a defendant who intends to defraud an unwitting insured institution but also [to] a defendant who intends to cooperate with the institution in a scheme requiring him, with the institution's knowledge, to make false statements for the furtherance of the scheme. The [institution's] awareness of the fraud is not relevant, for its existence is not inconsistent with the intent to influence which a violator of 1014 must possess."). We note further that, under section 1014, the critical knowledge is that possessed by the person making or causing the false statement to be made. See United States v. ___ _____________ Concemi, 957 F.2d 942, 951 (1st Cir. 1992) (among other _______ -3- things, the government must show that the defendant "acted knowingly" in making or causing a false statement be made to a federally insured bank). Although Kellett suggests on appeal that the bank actually prepared the false documents, by pleading guilty he admitted that he had made or caused false statements to be made and that he knew the statements were false. It is too late for Kellett to deny the factual basis of the charge to which he pled guilty. See United ___ ______ States v. Morrison, 938 F.2d 168, 171 (10th Cir. 1991) (in ______ ________ sentencing challenge, defendant could not assert facts contrary to those to which he pled guilty). This is especially true since the "fact" in question is what Kellett himself knew about the accuracy of the statements in the loan documents. Kellett must have known at the time he pled guilty whether or not he knew that the loan documents contained falsehoods which would influence the bank to approve the loans, and the state of knowledge of bank officers or directors had no bearing on that question. Therefore, any failure by the prosecutor to tell Kellett what those officers or directors knew would provide no basis for permitting Kellett to withdraw his guilty plea. Kellett suggests that the court might have imposed a more lenient sentence than it did if it had been aware that senior bank officers or directors had known that false loan applications were being submitted to the bank for approval. -4- He claims that the court did not sentence him with full and accurate information and that his sentencing therefore violated his due process rights.2 The sentencing transcript shows that the court believed that higher level bank officers must have known that false loan applications were being submitted to the bank. Thus, Kellett's suggestion that the court was unaware of this fact is simply incorrect. Moreover, the sentencing transcript indicates that both the probation department and the court took this and other factors into account by reducing by one level the base offense level assigned to the loss amount in Kellett's case by the Sentencing Guidelines. See U.S.S.G. 2F1.1(b)(1). ___ Accordingly, we do not think that the prosecutor's alleged failure to disclose evidence that senior bank officers or directors knew of the ongoing scheme renders Kellett's sentencing constitutionally deficient. Kellett further claims that newly discovered evidence substantiates his claim of selective prosecution. As the government points out, this court has held that selective prosecution claims are deemed waived if not raised prior to trial. See Tracey v. United States, 739 F.2d 679, ___ ______ _____________ 682 (1st Cir. 1984), cert. denied, 469 U.S. 1109 (1985). _____________ Prior to his trial, Kellett sought assurances from the ____________________ 2. We assume for argument's sake, but without deciding, that this claim survives dismissal on mootness grounds. -5- prosecutor that his prosecution was not politically motivated, evidencing his awareness that he might have a selective prosecution claim. But he did not challenge his prosecution on that basis by way of the requisite motion. On appeal, Kellett says that the prosecutor assured him that his prosecution was not politically motivated. The newly discovered evidence he refers to, however, has nothing to do with those assurances, but at most supports the proposition that certain mall developers, whom he had opposed prior to his prosecution, sought to ensure the success of their project by making political contributions. Accordingly, we find the selective prosecution claim to be waived. We find Kellett's remaining arguments to be without merit for the reasons stated in the government's brief. Affirmed. ________ -6-