51 F.3d 264
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alvaro ROJO-ALVAREZ, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 94-1769
 United States Court of Appeals,
First Circuit.
 Mar. 31, 1995
 
 Appeal from the United States District Court for the District of Maine [Hon. Gene Carter, Chief U.S. District Judge ]
 Alvaro Rojo-Alvarez on brief pro se.
 Jay P. McCloskey, United States Attorney, and F. Mark Terison, Assistant United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Alvaro Rojo-Alvarez appeals from the denial of his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The motion essentially raises two grounds for relief: (1) government undercover agents posing as buyers engaged in "sentence entrapment" in violation of appellant's due process rights by requesting a larger amount of drugs (30 kilograms of cocaine) than appellant could produce; and (2) counsel provided ineffective assistance by not raising this issue at the sentencing hearing. The district court summarily dismissed the motion on the basis that the drug quantity question had been presented to the district court at sentencing and rejected by this court on direct appeal. See United States v. Rojo-Alvarez, 944 F.2d 959 (1st Cir. 1991). The district court also determined that counsel had argued the entrapment defense at the sentencing hearing. We affirm the judgment of the district court.
 
 1. Sentencing Factor Manipulation.[1]
 
 2
 Appellant argues that he only had the capacity to deliver 9 kilograms of cocaine, the amount the conspiracy actually produced for the fictitious buyers. The government used the 30-kilogram figure, appellant maintains, only to raise his base offense level and, hence, his sentence. There is no support in the record for this contention. It is plain from the uncontradicted trial testimony that appellant was not only aware, from the beginning, that the conspiracy involved 30 kilograms of cocaine but also was an active participant in the negotiations for this amount.
 
 
 3
 When, as now, an offense-level enhancement results from a matter that formed part and parcel of the original negotiations between a government agent and his target, and the criminal venture proceeds on that basis, a claim of sentencing factor manipulation will not lie.
 
 
 4
 United States v. Brewster, 1 F.3d 51, 55 (1st Cir. 1993). As a result of this finding, appellant's claim that the government's conduct violated due process necessarily fails. See United States v. Panitz, 907 F.2d 1267, 1272-73 (1st Cir. 1990) (conduct must be so shocking as to be "fundamentally unfair" to amount to a violation of a defendant's due process rights).
 
 
 5
 Finally, to the extent that appellant simply is challenging the finding, for sentencing guideline purposes, that his offense involved 30 kilograms of cocaine, he is foreclosed from raising this issue in a Sec. 2255 motion. First, we rejected this claim on direct appeal from appellant's conviction. Rojo-Alvarez, 944 F.2d at 965, 971. "Issues disposed of on a prior appeal will not be reviewed again by way of a 2255 motion." Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984), cert. denied, 469 U.S. 1109 (1985). Second, alleged errors in the application of the guidelines to the facts generally are not cognizable under Sec. 2255. Knight v. United States, 37 F.3d 769, 773-74 (1st Cir. 1994).
 
 
 6
 2. Ineffective Assistance of Counsel.
 
 
 7
 Appellant claims that his attorney failed to raise the issue of sentencing factor manipulation. However, as the district court noted, counsel specifically argued at the sentencing hearing that government agents should not be allowed to choose a large amount of drugs when a defendant such as appellant cannot produce that amount. Thus, it is plain that counsel's conduct was more than objectively reasonable. See Strickland v. Washington, 466 U.S. 668 (1984). In any event, because we decide that this issue has no merit, appellant cannot demonstrate prejudice. Id.
 
 
 8
 Affirmed.
 
 
 
 [1]
 Because the phrase "sentence entrapment" is misleading, this circuit uses the term "sentencing factor manipulation." United States v. Brewster, 1 F.3d 51, 55 n.5 (1st Cir. 1993) (latter phrase correctly puts emphasis on governmental conduct rather than on a defendant's predisposition to commit the crime "but for" the government's inducement)