Flynn v. USA                                    CV-97-213-SD  6/11/98
                UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Charles J. Flynn


    v.                                      Civil No. 97-213-SD


United States of America



                            O R D E R


    Charles J. Flynn, a/k/a "Chuckie," has moved the court for

relief pursuant to 28 U.S.C. § 2255.[1]  The government objects.

Document 11.[2]

_____

        [1]28 U.S.C. § 2255 provides in relevant part:

            A prisoner in custody under sentence of a
        court established by Act of Congress claiming
        the right to be released upon the ground that
        the sentence was imposed in violation of the
        Constitution or laws of the United States, or
        that the court was without jurisdiction to
        impose such sentence, or that the sentence
        was in excess of the maximum authorized by
        law, or is otherwise subject to collateral
        attack, may move the court which imposed the
        sentence to vacate, set aside or correct the
        sentence.


        [2]In addition, the court has granted the movant's motion to
file a legal memorandum, which memorandum has been reviewed by
the court.

## 1.  Background

Together with others, movant Flynn was indicted, tried by jury, and convicted on charges of participation in a series of 1991 armed robberies which took place in New Hampshire.  The convictions were largely affirmed on appeal,[3] but, retaining appellate jurisdiction, the court of appeals remanded for evidentiary hearing as to whether certain statements demanded by Flynn should have been delivered to him pursuant to the Jenck's Act, 18 U.S.C. § 3500.[4]  United States v. Neal, supra, 36 F.3d at 1193-94, 1198-99.

Two evidentiary hearings were held before this court,[5] following which the court of appeals fully affirmed the convictions

---

[3]The court of appeals rejected, on the basis of this court's in camera review during trial of the records then available, any claims made by Flynn that his rights under Brady v. Maryland, 373 U.S. 83 (1963), had been violated.  United States v. Neal, 36 F.3d 1190, 1197 (1st Cir. 1994).

[4]The Jenck's Act "establishes procedures whereby a criminal defendant may exercise his limited right to obtain previous statements made by government witnesses that are in possession of the United States government to be used for impeachment purposes."  Neal, supra at 1197.

[5]In addition to the exhibits produced at trial and at the two evidentiary hearings, this court also reviewed 24 volumes of documents comprising the file of the Federal Bureau of Investigation (FBI), together with 5 volumes of documents compiled by the New Hampshire State Police (NHSP).

of movant.[6] Flynn now claims in his section 2255 motion that evidence adduced at these evidentiary hearings entitles him to a new trial. The government contends that such claims are foreclosed by the resolution of the movant's direct appeal.

## 2. Discussion

A prosecutor's failure to provide upon request evidence favorable to a criminal defendant is a violation of due process when the evidence is material to guilt or punishment. Kyles v. Whitley, 514 U.S. 419, 432 (1995) (quoting Brady, supra, 373 U.S. at 87). Exculpatory evidence is material, and a constitutional error results from its suppression "'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Id. at 433-34 (quoting United States v. Bagley, 473 U.S. 667, 682, 685 (1985)); Gilday v. Callahan, 59 F.3d 257, 267 (1st Cir. 1995), cert. denied, 516 U.S. 1175 (1996).

At the first of the two evidentiary hearings held on remand, which occupied a two-day period in December 1994, the court at the request of defendant's counsel considered not only the application of the Jenck's Act, but also whether the documents there considered were producible pursuant to the disclosure rules of Brady and its progeny supra. See Crim. 92-18-2-SD, United

---

[6]See Mandate in No. 93-1335, United States v. Flynn, dated April 26, 1996 (1st Cir.).

3

States v. Flynn, Order of Jan. 4, 1995. This procedure was repeated in the course of the second evidentiary hearing, which was held over six days in November and December of 1995. See id., Order of Feb. 22, 1996. In each instance, the court ruled that the Brady rules were not violated. Id.

As hereinabove indicated, following completion of the second evidentiary hearing and the filing of this court's report thereon, the court of appeals fully affirmed the conviction of movant. The law in such a set of circumstances is clear: Arguments advanced and rejected on a direct appeal are not properly the subject of any proceeding brought pursuant to 28 U.S.C. § 2255. Singleton v. United States, 26 F.3d 233, 240 (1st Cir.), cert. denied, 513 U.S. 1003 (1994); Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984), cert. denied, 469 U.S. 1109 (1985).

## 3. Conclusion

The burden rests on the movant to make out a case for relief under section 2255. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). Because the motion, files, and records of this

case clearly show that movant is entitled to no relief, 28 U.S.C. § 2255, his motion must be and it is accordingly herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 11, 1998

cc:  Barry P. Wilson, Esq.
     Michael J. Iacopino, Esq.
     Peter E. Papps, Esq.