SUMMARY ORDER
Appellant Barry Reese pled guilty pursuant to a plea agreement to a two-count indictment for conspiracy to distribute and *325 possess drugs, and for murder during the course of that conspiracy. The instant appeal is from the district court’s denial of Reese’s motion pursuant to 28 U.S.C. § 2255 in which he argued, among other things, that Count Two was invalid because it did not state the quantity of drugs involved in the conspiracy alleged therein. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
Count One of the indictment charged Reese with “knowingly and intentionally conspiring to distribute and possess with intent to distribute heroin ... and cocaine base ... in violation of Title 21 United States Code, Section 841(a)(1).” Count Two charged him with murder in the course of the conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A): “defendant BARRY REESE ... while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, the offense charged in Count One of the superseding Indictment, did knowingly and intentionally counsel, command, induce, procure and cause the intentional killing of Ricky Beasley, and such killing did result.” At his plea hearing, Reese allocuted to the requisite amount of drugs to be sentenced pursuant to § 841(b)(1)(A): “heroin in an amount of one kilogram or more,” and cocaine base “in an amount of fifty grams or more.” Following the entry of his guilty plea, but before his sentencing, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id. Reese asserted that Apprendi applied to his sentencing prior to and at his sentencing hearing. The government conceded that because no quantity was in the indictment for Count One he could only be sentenced for Count One as if no quantity of drugs had been established, while arguing that Count Two was nonetheless valid. The district court agreed with the government and sentenced Reese to 240 months for Count One and 324 months in prison for Count Two, to run concurrently.
Following sentencing, Reese filed a direct appeal and argued that his sentence pursuant to Count Two was unlawful because no quantity of drugs was stated in the indictment. Specifically, he asserted that Count One did not contain an allegation as to quantity of drugs and therefore, in light of Apprendi, asserted a violation only of section 841(b)(1)(C). It follows, Reese appeared to argue, that, because Count Two referenced Count One, he was not accused in Count Two of murder “while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21,” and his sentence for Count Two was therefore unlawful.
We dismissed Reese’s direct appeal on the government’s motion. “[E]ven if the alleged violation of [Apprendi] falls outside the scope of the appeal waiver [in Reese’s plea agreement] or renders the appeal waiver unenforceable, the error is harmless in light of appellant’s stipulation to the drug quantity involved in his crime in the course of the plea allocution.” Order, United States v. Castro (Reese), No. 01-1126 (2d Cir. Jul. 16, 2003).
Reese, acting pro se, then filed a motion pursuant to 28 U.S.C. § 2255 arguing, among other things, that the indictment was invalid as to Count Two for failing to state all the elements of an offense, because it did not state the quantity of drugs allegedly involved. He asserted that the allocution could not rectify this flaw in light of our ruling in United States v. Cordoba-Murgas, 422 F.3d 65, 72 (2d Cir. *326 2005), holding that “if a defendant is indicted for a violation of 21 U.S.C. § 841(a), but the indictment does not specify the quantity of drugs, the District Court cannot impose a sentence above the statutory maximum for an indeterminate quantity of drugs, even if the defendant later allocutes to a particular quantity.” The district court denied his § 2255 motion. We granted a certificate of appealability as to whether “the second count in the indictment under which the Appellant was convicted and sentenced was deficient and, thereby, rendered his sentence invalid.” Order, United States v. Reese, No. 06-5014 (2d Cir. Apr. 24, 2007).
“On an appeal from the denial of a § 2255 motion, we review a district court’s conclusions of law de novo.” Ventry v. United States, 539 F.3d 102, 111 (2d Cir.2008).
Reese argues that because we have held that the quantity of drugs is an element that must be stated in the indictment for purposes of prosecutions under § 841(b)(1)(A), and because § 848(e)(1)(A) is only violated if § 841(b)(1)(A) is also violated, the quantity of drugs is an element of § 848(e)(1)(A) that must be stated in the indictment. No quantity was stated in Count Two here, and therefore, he argues, the indictment was invalid.
The government argues, among other things, that Reese’s claim is barred because it was previously litigated before the district court, and before the Second Circuit on direct appeal. Reese argues that the government cannot raise the bar on appeal because the government did not raise it in the district court. In any event, he asserts, our decision in Cordoba-Mur-gas is an intervening decision that permits him to raise the issue on this appeal.
We have held that a section 2255 petition cannot be used to “relitigate questions which were raised and considered on direct appeal.” United States v. Sanin, 252 F.3d 79, 83 (2d Cir.2001); see also United States v. Natelli, 553 F.2d 5, 7 (2d Cir.1977) (per curiam) (“[0]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255”). We have also held that “Reconsideration is permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal.” Chin v. United States, 622 F.2d 1090, 1092 (2d Cir.1980).
The government did raise this issue before the district court. The government argued that Reese was attempting to relit-igate claims he had already raised before the court. See, e.g., Letter dated May 23, 2006 from AUSA Jed Davis to Judge Trager, at p. 5. (“The instant 2255 Petition is principally devoted to rearguing a point that Reese already litigated and lost at sentencing before this Court.”)
Reese’s reliance on Cordoba-Mwrgas as an intervening change in the law allowing him to raise these issues collaterally under section 2255(a) is unavailing. Reese does not contest that the subject matter at issue in this appeal, the validity of the indictment due to the failure to include the quantity of drugs, was litigated on direct appeal. Reese appealed his sentence following Apprendi and could have raised the argument that the allocution did not rectify the indictment’s failure to state the quantity in Count Two. He did not do so. In Sanin, we concluded that a Supreme Court decision that may have changed the outcome of a previously decided direct appeal did not constitute an intervening change in the law because, in that case, the rule established in the allegedly intervening Supreme Court decision was available to the petitioner when he filed his direct *327 appeal. Sanin, 252 F.3d at 84. We therefore conclude that Reese’s challenge to the indictment pursuant to section 2255 is barred because the same issue he seeks to raise was or could have been raised on direct appeal.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.