19-1629-pr
Martinez v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of March, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
            RICHARD J. SULLIVAN,
            MICHAEL H. PARK,
                    *Circuit Judges*.

_____

NORBERTO MARTINEZ,

          *Petitioner-Appellant*,

          v.                                        19-1629-pr

UNITED STATES OF AMERICA,

          *Respondent-Appellee*.

_____

Appearing for Appellant:     Norberto Martinez, pro se, Fairton, N.J.

Appearing for Appellee:      Susan Corkery, David C. James, *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Norberto Martinez, pro se, petitioned the district court in 2019 for a writ of error coram nobis seeking vacatur of his 1997 conviction for conspiring to distribute narcotics. Although Martinez has completed his sentence on the 1997 conviction, he was convicted of a host of narcotics and firearms offenses in 2006 and is serving a life sentence. The district court sua sponte denied Martinez's petition. Martinez now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I. Waiver

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citing Fed. R. App. P. 28(a)). Despite affording pro se litigants "some latitude in meeting the rules governing litigation," we "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Inc. Vill. of Patchogue,* 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief.") (internal quotations marks omitted); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("we need not manufacture claims of error for an appellant proceeding pro se").

Martinez waived any appellate challenge to the district court's denial of his coram nobis petition because he raises no arguments concerning the propriety of the district court's rationale for dismissing his petition—i.e., that his failure to seek relief earlier on direct appeal or under 28 U.S.C. § 2255 rendered him ineligible for coram nobis relief. Rather, he reasserts the same merits arguments he made before the district court. Because Martinez's appellate brief fails to address the basis for the district court's dismissal, he has abandoned any challenge on appeal. *See Terry*, 826 F.3d at 632–33; *LoSacco*, 71 F.3d at 93.

## II. Merits

Even assuming Martinez did not waive his claims, he still cannot succeed on the merits. We review the district court's decision to deny the writ of error coram nobis for abuse of discretion. *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims,* 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citation, and alteration omitted).

The writ of error coram nobis is an "extraordinary remedy" that "issues only in extreme cases," *United States v. Denedo*, 556 U.S. 904, 916 (2009), and is "typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." *Kovacs v. United*

*States*, 744 F.3d 44, 49 (2d Cir. 2014).  The writ serves as "a remedy of last resort," *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (internal quotation marks omitted), that is "strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid," *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks omitted).  The petitioner's burden is "a heavy one" since the reviewing court "must presume that the proceedings were correct[.]" *Rutigliano*, 887 F.3d at 108 (internal quotation marks omitted). The Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks and alterations omitted).  To secure coram nobis relief, a petitioner must establish that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Rutigliano*, 887 F.3d at 108 (internal quotation marks omitted).

The district court did not abuse its discretion when it concluded that Martinez was not eligible for such relief because he failed to seek it earlier. Although a writ of error coram nobis "is not subject to a specific statute of limitations," it "may be barred by the passage of time." *Foont*, 93 F.3d at 79 (internal quotation marks omitted).  In assessing whether the passage of time bars relief, the Court looks to "the circumstances surrounding the petitioner's failure to raise the issue earlier, . . . The critical inquiry . . . is whether the petitioner is able to show justifiable reasons for the delay." *Doe v. United States*, 915 F.3d 905, 915 (2d Cir. 2019) (internal quotation marks and citation omitted). To the extent that Martinez raised issues in his coram nobis petition that he did not raise on direct appeal, Martinez provided no reason for not seeking relief earlier, either as part of his direct appeal or by way of a habeas motion within one year of the Supreme Court's October 1998 denial of his petition for a writ of certiorari.  *See* 28 U.S.C. § 2255(f)(1); *Martinez v. United States*, 525 U.S. 939 (1998).

To the extent that Martinez's petition resurrects arguments that were previously raised and rejected on direct appeal, Martinez is barred from relitigating those issues in a coram nobis petition.  Indeed, reconsideration of an issue raised on direct appeal is "permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal." *Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980) (citation omitted).  Since Martinez has failed to identify any intervening change of law, and merely argues that the government failed to meet its burden of proof at trial, these arguments are barred.

We have considered the remainder of Martinez's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
